Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Jennifer L. Boulton, SBN 259076
Natalie Nardecchia, SBN 246486
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

vs.

CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,

Defendants.

Case No.:

**COMPLAINT—TITLE VII**

- **CIVIL RIGHTS**
- **EMPLOYMENT DISCRIMINATION**

**JURY TRIAL DEMAND**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on

race (Black) and to provide appropriate relief to Charging Party Sequia Sims, Charging Party Lisa Henry, and a class of similarly aggrieved individuals who were adversely affected by such practices. As set forth with greater particularity in paragraphs 28 to 51 of this Complaint, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant Howroyd-Wright Employment Agency, Inc. d/b/a AppleOne Employment Services ("AppleOne") and Defendant Cardinal Health 200, LLC d/b/a Cardinal Health (collectively, "Defendants") subjected Charging Party Sequia Sims ("Sims"), Charging Party Lisa Henry ("Henry") and a class of similarly aggrieved individuals to harassment resulting in a hostile work environment based on their race (Black), disparate treatment based on their race (Black), constructive discharge and/or retaliation for opposing unlawful employment practices in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3), Title VII, 42

U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Cardinal Health 200, LLC d/b/a Cardinal Health has continuously been doing business in San Bernardino County.

6. At all relevant times, Defendant Cardinal Health 200, LLC has been a limited liability company doing business in the State of California, and has continuously had at least fifteen (15) employees.

7. At all relevant times, Defendant Cardinal Health 200, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

8. At all relevant times, Defendant AppleOne has continuously been doing business in San Bernardino County.

9. At all relevant times, Defendant Howroyd-Wright Employment Agency, Inc. d/b/a AppleOne ("AppleOne") has been a California corporation doing business in the State of California, and has continuously had at least fifteen (15) employees.

10. At all relevant times, Defendant AppleOne has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

11. At all relevant times, Defendant AppleOne has continuously been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

12. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the

unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

13. At all relevant times, Cardinal Health has been under contract with AppleOne for services rendered in California, and has been a joint employer with AppleOne where both generally controlled the terms and conditions of employment of the Charging Parties and other similarly aggrieved individuals.

14. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**STATEMENT OF CLAIMS**

15. More than thirty days prior to the institution of this lawsuit, Charging Party Sims filed a charge of discrimination with Plaintiff alleging violations of Title VII by Defendant AppleOne.

16. More than thirty days prior to the institution of this lawsuit, Charging Party Sims filed a charge of discrimination with Plaintiff alleging violations of the Title VII by Defendant Cardinal Health.

17. More than thirty days prior to the institution of this lawsuit, Charging Party Henry filed a charge of discrimination with Plaintiff alleging violations of the Title VII by Defendant AppleOne.

18. More than thirty days prior to the institution of this lawsuit, Charging Party Henry filed a charge of discrimination with Plaintiff alleging violations of

the Title VII by Defendant Cardinal Health.

19. Subsequent to the charge of discrimination, the Commission investigated the allegations by Charging Party Sims against Defendant AppleOne's employment practices.

20. Subsequent to the charge of discrimination, the Commission investigated the allegations by Charging Party Sims against Defendant Cardinal Health's employment practices.

21. Subsequent to the charge of discrimination, the Commission investigated the allegations by Charging Party Henry against Defendant AppleOne's employment practices.

22. Subsequent to the charge of discrimination, the Commission investigated the allegations by Charging Party Henry against Defendant Cardinal Health's employment practices.

23. On June 5, 2018, the Commission issued to Defendants AppleOne and Cardinal Health a Letter of Determination after conducting an investigation into the allegations, finding reasonable cause to believe that Defendants had violated Title VII on behalf of the Charging Parties and a class of individuals and invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

24. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

25. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

26. On September 11, 2018, the Commission issued to Defendants a Notice of Failure of Conciliation.

27. All conditions precedent to the institution of this lawsuit have been fulfilled.

28. Since at least 2016, Defendants have engaged in unlawful employment practices in violation of §§ 703(a) and 704(a) of Title VII, 42 U.S.C. 2000e-2(a) and 2000e-3(a), by subjecting Charging Parties and a class of similarly aggrieved individuals (collectively, "adversely affected employees") to a hostile work environment, subjecting adversely affected employees to disparate treatment, subjecting adversely affected employees to constructive discharge and/or termination, and/or subjecting adversely affected employees to retaliation.

29. The adversely affected employees include both Black employees placed by AppleOne as temporary or temporary-to-permanent employees and those Black employees that Cardinal Health directly hired for their Ontario facility.

30. At all relevant times, Defendant AppleOne has been a staffing agency engaged in temporary and permanent personnel placement with a location in Ontario, California.

31. At all relevant times, Defendant Cardinal Health has been a company in the business of medical equipment and supplies distribution with a warehouse facility in Ontario, California.

32. Since at least 2016, AppleOne has been placing temporary and/or temporary-to-permanent employees at Cardinal Health in its Ontario facility.

33. Since at least 2016, Cardinal Health has employed both temporary and/or temporary-to-permanent employees placed from AppleOne and other staffing agencies as well as their own, direct employees. Cardinal Health exercised control over such employees, including, but not limited to, directly supervising their day-to-day work, responding to complaints, and subjecting them to discipline and/or termination from their assignment.

34. Since at least 2016, Charging Parties and other Black employees of AppleOne and Cardinal Health have been subjected to ongoing and unwelcome harassment based on their race (Black), including but not limited to use of the "n-word" many times per day throughout Cardinal Health's facility from co-workers

and supervisors. Use of the n-word includes use of the word directed at Black employees, including but not limited to, the following verbal statements: "n— bitch," "I can't stand n—, especially this old bitch," "lazy ass n— ain't did no work all day," and "Look at those n— looking like monkeys, working like slaves like they should be."

35. Since at least 2016, the n-word has also been frequently and openly used by and among non-Black employees within the earshot of Black employees throughout Defendant Cardinal Health's Ontario facility. Such comments were unwelcome and adversely impacted Black employees.

36. Co-workers, supervisors, and managers used the n-word on a frequent, daily basis.

37. Additionally, since at least December 2016, the restroom facilities at Cardinal Health's Ontario facility have been defaced with racially derogatory graffiti. On at least one occasion, in or around December 2016, one of the women's restrooms was defaced on at least one occasion with racial epithets such as "N— stink up the aisles," "Fuck all n—," and "Black pipo stink." The men's restroom was similarly defaced on at least one occasion with epithets such as the n-word by itself and "n— killer." A women's port-a-potty was similarly defaced on at least one occasion with racial epithets in or around January 2017. Defendant Cardinal Health had control over the removal of the graffiti in the restrooms.

38. Charging Parties and other adversely affected employees did not welcome any of the harassment. Charging Parties and other adversely affected employees objected to the harassing conduct, complained to Cardinal Health's management and/or AppleOne's management verbally and/or in writing, and/or filed Charges of Discrimination with the EEOC.

39. Cardinal Health controlled and held unexercised control over the terms and conditions of employment for employees placed by AppleOne. Cardinal Health purported to accept the complaints made by AppleOne-placed employees

and alleged when complaints were made that Cardinal Health would look into the complaints and follow up. Defendant AppleOne also followed up with Cardinal Health about complaints it received from employees AppleOne had placed, and Cardinal Health responded to AppleOne's inquiries. Cardinal Health had control over its worksite to investigate and correct the conduct that occurred at its worksite, whether it exercised that control or not.

40. Defendant AppleOne knew or should have known about the harassment because Charging Parties and/or other adversely affected employees complained about the harassment to their supervisors, Human Resources, and/or the EEOC, which then notified Defendant AppleOne about the complaints. AppleOne also purportedly had one of its own permanent employees assigned to the Cardinal Health worksite.

41. Defendant Cardinal Health knew or should have known about the harassment because Charging Parties and/or other adversely affected employees complained about the harassment to their supervisors, Human Resources, and/or the EEOC, which then notified Defendant Cardinal Health about the complaints. Adversely affected employees also alleged that Cardinal Health supervisors and managers personally engaged in the harassing behavior.

42. Defendant Cardinal Health failed to take prompt and effective remedial action reasonably calculated to end the harassment, including but not limited to, failing to conduct an adequate investigation, failing to adequately follow-up with AppleOne about complaints from its temporary employees, and adequately disciplining harassing coworkers, supervisors, and/or managers.

43. Defendant AppleOne failed to take prompt and effective remedial action reasonably calculated to end the harassment, including but not limited to, failing to conduct an adequate investigation and failing to adequately follow up with Cardinal Health about the complaints.

44. The harassment was sufficiently severe or pervasive to alter the

conditions of Charging Parties' and other adversely affected employees' employment and create a hostile work environment.

45. Black employees were also given less favorable assignments than non-Black employees and were passed over for favorable assignments despite being more qualified for the positions than their non-Black counterparts.

46. Black employees were also denied cross-training that non-Black employees received, which made them more desirable for permanent positions.

47. In response to complaints of racial harassment, Defendants took retaliatory action against employees, including but not limited to, failing to hire temporary employees to full-time positions, constructively discharging and/or terminating their employment with Cardinal Health and/or AppleOne.

48. For some employees, the racial harassment resulted in their constructive discharge because of the intolerable working conditions created by the hostile work environment.

49. The effect of the practices complained of in paragraphs 28 to 48 above has been to deprive Charging Parties and other adversely affected individuals of equal employment opportunities and otherwise adversely affected their status as employees because of their race (Black) and their engagement in protected activities in opposition to unlawful employment practices.

50. The unlawful employment practices complained of in paragraphs 28 to 48 above were intentional and caused Charging Parties and other adversely affected employees to suffer emotional distress.

51. The unlawful employment practices complained of in paragraphs 28 to 48 above were done with malice or with reckless indifference to the federally protected rights of Charging Party and other adversely affected individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.	Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate based on race.

B.	Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects their past and present unlawful employment practices.

C.	Order Defendants to make whole Charging Party Sequia Sims, Charging Party Lisa Henry, and other adversely affected employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay.

D.	Order Defendants to make Charging Party Sequia Sims, Charging Party Lisa Henry, and other adversely affected employees whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket expenses suffered by them which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E.	Order Defendants to make Charging Party Sequia Sims, Charging Party Lisa Henry, and other adversely affected employees whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.	Order Defendants to pay Charging Party Sequia Sims, Charging Party Lisa Henry, and other adversely affected employees punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G.	Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: May 21, 2019

Respectfully Submitted

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: */s/ Anna Y. Park*
ANNA Y. PARK,
Regional Attorney

SUE J. NOH,
Supervisory Trial Attorney

RUMDUOL VUONG,
Supervisory Trial Attorney

JENNIFER L. BOULTON,
Trial Attorney

NATALIE NARDECCHIA,
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION