David K. Montgomery (SBN 120066)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
David.montgomery@jacksonlewis.com
Telephone:  (513) 898-0050
Facsimile:  (513) 898-0051

Attorney for Defendant
CARDINAL HEALTH 200, LLC
d/b/a CARDINAL HEALTH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>     vs.<br><br>CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,<br><br>          Defendant. | Case No.:  5:19-cv-00941-CBM-SHK<br><br>**ANSWER OF DEFENDANT CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH** |

NOW COMES, CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH ("Defendant"), through its undersigned counsel, and hereby files its Answer to the Complaint as follows:

### AS TO "NATURE OF THE ACTION"

Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  Defendant denies any remaining factual allegations contained in the "Nature of the Action" Paragraph of Plaintiff's Complaint.

### AS TO "JURISDICTION AND VENUE"

1. Defendant admits that Plaintiff purports to invoke the Court's jurisdiction pursuant to 28

1

**ANSWER OF DEFENDANT CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH**

U.S.C. §§ 451, 1331, 1337, 1343, and 1345. To the extent that Paragraph 1 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

2. Defendant admits that Plaintiff purports to institute this action pursuant to §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. To the extent that Paragraph 2 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

3. Defendant admits that venue is proper in this Court. To the extent that Paragraph 3 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

**AS TO "PARTIES"**

4. Defendant admits that Plaintiff is an agency of the United States of America. Further answering, Paragraph 4 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 4 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment premised upon the ambiguous phrase, "[a]t all relevant times," and, on such basis, Defendant denies all such averments. Further answering, Defendant admits that it does business in San Bernardino County, California. To the extent that Paragraph 5 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment premised upon the ambiguous phrase, "[a]t all relevant times," and, on such basis, Defendant denies all such averments. Further answering, Defendant admits that it is a limited liability company, that it does business in the State of California, and that it has at least 15 employees. To the extent that Paragraph 6 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment premised upon the ambiguous phrase, "[a]t all relevant times," and, on such basis, Defendant

denies all such averments. Further answering, Paragraph 7 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 7 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiff's Complaint and therefore denies the same. Further answering, Paragraph 10 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and therefore denies the same. Further answering, Paragraph 11 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary.

12. Paragraph 12 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. Further answering, to the extent that Paragraph 12 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment premised upon the ambiguous phrase, "[a]t all relevant times," and, on such basis, Defendant denies all such averments. Further answering, Paragraph 13 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. Further answering, Defendant avers that it previously was a party to a contract with AppleOne in which AppleOne provided temporary workers at Defendant's Ontario, California facility. To the extent that Paragraph 13 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

14. Defendant acknowledges that under this Paragraph Plaintiff seeks to sue various DOE defendant. To the extent that Paragraph 14 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

## AS TO "STATEMENT OF CLAIMS"

15. The Charge of Discrimination referenced in Paragraph 15 of Plaintiff's Complaint speaks for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 15 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

16. The Charge of Discrimination referenced in Paragraph 16 of Plaintiff's Complaint speaks for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 16 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

17. The Charge of Discrimination referenced in Paragraph 17 of Plaintiff's Complaint speaks for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 17 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

18. The Charge of Discrimination referenced in Paragraph 18 of Plaintiff's Complaint speaks for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 18 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. The Letter of Determination referenced in Paragraph 23 of Plaintiff's Complaint speaks

for itself, and Defendant therefore denies any further characterization of it. To the extent that Paragraph 23 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

24.     Defendant admits that Plaintiff engaged in communications with it following the issuance of the Letter of Determination. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averments regarding Plaintiff's communications with AppleOne. To the extent that Paragraph 24 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

25.     Defendant admits that the parties were not able to achieve a mutually-agreeable conciliation agreement. To the extent that Paragraph 25 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

26.     The Notice of Failure of Conciliation referenced in Paragraph 26 of Plaintiff's Complaint speaks for itself, and Defendant denies any further characterization of it. To the extent that Paragraph 26 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

27.     Paragraph 27 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 27 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of any averment premised upon the ambiguous phrase, "[a]t all relevant times," and, on such basis, Defendant denies all such averments. Further answering, Defendant avers that it is a healthcare services and products company and that it operates a facility in Ontario, California. To the extent that Paragraph 31 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

32.     Defendant admits that AppleOne previously placed temporary workers at its Ontario,

California facility. To the extent that Paragraph 32 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

33. Defendant admits that it employs employees. Further answering, Defendant admits that AppleOne previously placed temporary workers at its Ontario, California facility. Further answering, Paragraph 33 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 33 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

34. Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant avers that on two occasions, the restroom facilities at its Ontario, California facility were defaced with racially derogatory graffiti. Further answering, Defendant avers that in each instance, it promptly removed the graffiti. To the extent that Paragraph 37 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

38. Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint contains a legal conclusion to which no admission or denial is necessary. To the extent that Paragraph 39 of Plaintiff's Complaint contains any remaining factual allegations, Defendant denies same.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in the "Wherefore" paragraph of Plaintiff's Complaint, and specifically denies that Plaintiff is entitled to any of the relief sought.

53. Defendant denies each and every allegation contained in Plaintiff's Complaint unless specifically admitted herein, including any factual allegations contained in the headings of Plaintiff's Complaint.

## DEFENSES

Defendant hereby asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof as to any or all of these defenses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

All actions taken toward the allegedly aggrieved individuals were taken for legitimate non-discriminatory, non-retaliatory reasons.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the EEOC has failed to investigate, find reasonable cause, conciliate, and/or otherwise satisfy conditions precedent to suit with respect to the claims asserted in this lawsuit.

## FOURTH DEFENSE

The claims are barred to the extent that any of the individuals on whose behalf Plaintiff seeks relief have failed to exercise reasonable care and diligence to mitigate their damages and/or back pay losses, if any. In addition, damages and/or back-pay losses, if any, should be reduced by any and all interim earnings and additional amounts that such individuals did earn or could have earned in the interim if they had satisfied their duty to mitigate damages.

## FIFTH DEFENSE

Plaintiff is not entitled to damages in excess of the scope of permissible damages and remedies, and/or where they are not otherwise available, under the laws upon which its claim rests.

## SIXTH DEFENSE

Defendant made reasonable and good-faith efforts to comply with federal anti-discrimination, anti-harassment, and anti-retaliation laws. Although Defendant denies that any of the unlawful actions alleged by Plaintiff were taken, to the extent they were, they were contrary to Defendant's good-faith efforts to comply with federal laws.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior, and the individuals on whose behalf Plaintiff seeks relief unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Defendant or to avoid harm otherwise.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and to the extent Defendant took any employment actions relating to any individual for whom Plaintiff seeks relief, Defendant had legitimate, non-discriminatory and non-retaliatory reasons for any employment actions.

**NINTH DEFENSE**

The claims are barred by the doctrine(s) of release, estoppel, consent, waiver and/or laches.

**TENTH DEFENSE**

Defendant objects to Plaintiff's request for a jury trial with respect to any claim, issue, or element of relief to which Plaintiff is not entitle to a trial by jury as a matter of law.

**ELEVENTH DEFENSE**

Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that any individual for whom Plaintiff seeks relief engaged in conduct which would have otherwise resulted in the termination of his/her employment.

**TWELFTH DEFENSE**

To the extent any individual for whom Plaintiff seeks relief suffered any damages or losses for which he/she seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by that individual's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

**THIRTEENTH DEFENSE**

Pleading in the alternative, to the extent that Plaintiff is able to prove to the satisfaction of the trier-of-fact that any improper motive was a factor in relevant employment decisions, Defendant would have made the same employment decisions regarding any individual for whom Plaintiff seeks relief regardless of any alleged improper motive.

Defendant will rely on each and every additional defense that may become known to it through the course of this litigation, including discovery, trial, or otherwise.

**WHEREFORE**, Defendant Cardinal Health 200, LLC d/b/a Cardinal Health, having fully answered the Plaintiff's Complaint, respectfully requests that this Court enter judgment in its favor as follows:

1. Dismiss the Plaintiff's Complaint in its entirety, with prejudice;

2. Deny each and every demand, claim, and prayer for relief contained in the Plaintiff's Complaint;

3. Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless action; and

4. Grant such other and further relief as the Court may deem just and proper.

DATED: October 15, 2019                    JACKSON LEWIS P.C.


                                           By:   */s/ David K. Montgomery*
                                                 David K. Montgomery

                                                 Attorney for Defendant
                                                 Cardinal Health 200, LLC
                                                 d/b/a Cardinal Health