KENNETH P. ROBERTS (SBN 74955)
MICHAEL B. SMITH (SBN 136762)
RYAN P. TISH (SBN 274284)
KEVIN Y. KANOONI (SBN 292707)
K.P. ROBERTS & ASSOCIATES,
A PROFESSIONAL LAW CORPORATION
6355 Topanga Canyon Boulevard
Suite 403
Woodland Hills, CA 91367
Telephone: (818) 888-3553

Attorneys for Howroyd-Wright Employment
Agency, Inc. dba AppleOne Employment Services

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 5:19-cv-00941 CBM (SHKx)<br>Assigned to:<br>District Judge: Consuelo B. Marshall<br>Magistrate Judge: Shashi H. Kewalramani<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)<br><br>Date:       November 19, 2019<br>Time:       10:00 a.m.<br>Location:  Courtroom 8B<br><br>Complaint filed: May 21, 2019 |

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

1

2

# TABLE OF CONTENTS

3  I.   INTRODUCTION ......................................................................... 1

4  II.  FACTUAL AND PROCEDURAL BACKGROUND ................... 2

5       A. General Factual and Procedural Background ..................... 2

6       B. Factual Allegations Directed to AppleOne ....................... 3

7  III. LEGAL STANDARDS ................................................................. 5

8  IV.  ARGUMENT ............................................................................... 6

9       A. The EEOC Cannot Seek Relief for the Claims Contained in

10          Paragraphs 45-47 of the Complaint As They Are Not Included in

11          the Letters of Determination ............................................. 6

12      B. The EEOC Has Failed To Allege Appleone Had Sufficient Notice

13          Of Discriminatory Conduct And Failed To Correct The Same ... 8

14 V.   CONCLUSION ............................................................................ 8

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

# I. **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission's Complaint ("Plaintiff" or "EEOC") against Defendant Howroyd-Wright Employment Agency, Inc. ("AppleOne") contains allegations in Paragraphs 45-47 which must be dismissed as they were not included in the EEOC's Letter of Determination. Accordingly, those allegations are beyond the scope of what the agency may include in this lawsuit.

Moreover, pursuant to *Caldwell v. Servicemaster Corporation* 966 F.Supp.33 (D.D.C. 1997) and *Mathieu v. Norrell Corp.* 115 Cal.App.4th 1174 (Cal. App. 2004), there have been no allegations made that AppleOne knew about or could have reasonably known discriminatory conduct was occurring. Under a joint employer liability theory against AppleOne, the employee must show that the agency knew or should have known of discriminatory conduct and that it failed to take those corrective measures within its control. The EEOC has failed to allege anywhere in the Complaint that AppleOne received notice or knew about discriminatory conduct **and** failed to take corrective measures within its control.

Accordingly, AppleOne requests that the Court dismiss with prejudice the allegations contained in Paragraphs 45-47 of Plaintiff's Complaint, including the allegations that Black employees were "given less favorable assignments" and were "passed over for more favorable assignments," and "denied cross-training," and subject to "retaliatory action" in the form of the failure to be hired for full-time positions and/or constructive discharge. Furthermore, AppleOne requests that the Complaint be dismissed in its entirety as to AppleOne for the EEOC's failure to properly allege AppleOne received sufficient notice or knew about discriminatory conduct and failed to take corrective measures within its control.

/ / /

/ / /

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. General Factual and Procedural Background

Charging Parties Sequia Sims and Lisa Henry were temporary employees of AppleOne, a temporary staffing and employment agency, who were placed on assignment at Defendant Cardinal Health 200, LLC d/b/a Cardinal Health's ("Cardinal Health") Ontario, California facility. Sims and Henry filed Charges of Discrimination with the EEOC alleging that they were subjected to unlawful discrimination, harassment and/or retaliation in relation to their temporary employment with AppleOne and placement at Cardinal Health. (*See* Complaint ¶¶15-18, Dkt. No. 1; Request for Judicial Notice ("RJN") Exs. A & B.) The EEOC issued two Letters of Determination on behalf of Sims and Henry, dated June 4, 2018, in which the EEOC found reasonable cause to believe that AppleOne and Cardinal Health had violated Title VII with respect to Sims and Henry and a class of other individuals. (*See* Complaint ¶¶19-23, Dkt. No. 1; RJN Exs. C & D.)

Following an unsuccessful conciliation, the EEOC filed this action on May 21, 2019, alleging that AppleOne and Cardinal Health, as joint employers, violated Title VII of the Civil Rights Act of 1964 by subjecting a class of employees to a hostile work environment, disparate treatment, and constructive discharge and/or retaliation for opposing unlawful employment practices. (*See* Complaint ¶¶24-25, Dkt. No.1.)

The EEOC alleges that AppleOne and Cardinal Health's acts and failure to act were performed by and attributable to "all Defendants, each acting as a…joint employer…." (*See* Complaint ¶12, Dkt. No. 1.) The EEOC also alleges that Cardinal Health has been under contract with AppleOne for services and has been a joint employer with AppleOne. (*See* Complaint ¶13, Dkt. No. 1.)

Specifically, Paragraphs 45-47 of the Complaint allege that:
> "45. Black employees were also given less favorable
> assignments than non-Black employees and were passed
> over for favorable assignments despite being more

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

qualified for the positions than their non-Black
counterparts.
46. Black employees were also denied cross-training that
non-Black employees received, which made them more
desirable for permanent positions.
47. In response to complaints of racial harassment,
Defendants took retaliatory action against employees,
including but not limited to, failing to hire temporary
employees to full-time positions, constructively
discharging and/or terminating their employment with
Cardinal Health and/or Apple One." (*See* Complaint
¶¶45-47, Dkt. No. 1.)

The allegations in Paragraphs 45-47 were not included in the EEOC's
Letters of Determination. Accordingly, they are beyond the scope of what the
agency may include in this lawsuit as the EEOC is bound by reasonable cause
findings in the Letter of Determination and cannot include additional claims.

The EEOC's Complaint also contains zero allegations that AppleOne had
notice or knew of discriminatory conduct occurring against the Charging Parties
and failed to take corrective measures within its control. Federal and California law
are explicitly clear that, to prevail on a theory of joint employer liability against an
employment agency, such as AppleOne, in a Title VII action, the employee must
show that the employment agency knew or should have known of discriminatory
conduct and that it failed to take those corrective measures within its control. The
EEOC's Complaint makes no such allegation. Accordingly, as no sufficient notice
has been pled, the EEOC's Complaint must be dismissed as to AppleOne.

**B. Factual Allegations Directed to AppleOne**

The allegations directed at AppleOne are sparse. Plaintiff alleges:

- "At all relevant times… AppleOne has been a staffing agency engaged in
  temporary and permanent personnel placement with a location in Ontario,
  California." (*See* Complaint ¶30, Dkt. No. 1.)

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

- "AppleOne has been placing temporary and/or temporary-to-permanent employees at Cardinal Health in its Ontario facility". (*See* Complaint ¶32, Dkt. No. 1.)
- "Cardinal Health has employed both temporary and/or temporary-to-permanent employees placed from AppleOne and other staffing agencies as well as their own, direct employees. Cardinal Health exercised control over such employees, including, but not limited to, directly supervising their day-to-day work, responding to complaints, and subjecting them to discipline and/or termination from their assignment." (*See* Complaint ¶33, Dkt. No. 1.)
- Plaintiff and other Black employees, were subject to unwelcome harassment, involving use of "n-word" from co-workers and supervisors which activities occurred "throughout Defendant Cardinal Health's Ontario facility." On "one occasion" a racial based epithet was written in the women's and men's bathrooms at the Cardinal Health facility. (*See* Complaint, ¶¶34-37, Dkt. No. 1.)
- Cardinal Health Controlled and held unexercised control over the terms and conditions of employment for employees placed by AppleOne. (*See* Complaint ¶39, Dkt. No. 1.)
- When complaints were made to Cardinal Health, "Cardinal Health would look into the complaints and follow up. Defendant AppleOne also followed up with Cardinal Health about complaints it received from employees AppleOne had placed, and Cardinal Health responded to AppleOne's inquiries." (*See* Complaint ¶39, Dkt. No. 1.)
- Cardinal Health had control over its worksite to investigate and correct the conduct that occurred at its worksite...." (*See* Complaint ¶39, Dkt. No. 1.)

AppleOne is a temporary staffing company. It does not determine which employees will be accepted by a client for temporary assignment. Plaintiff admits that Cardinal Health, not AppleOne, controlled the facility at which the

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

1    temporaries worked on assignment.  Plaintiff admits that there were employees of

2    other staffing companies at the facility, but do not identify who the individuals that

3    purportedly made statements or wrote, on one occasion, a racial epithet, were

4    employed by.  Plaintiff admits that if and when AppleOne received a complaint

5    concerning events alleged to have taken place in the facility controlled by Cardinal

6    Health, it reported and "followed up with Cardinal Health about complaints it

7    received ... and Cardinal Health responded ...."

8         What is it that AppleOne, a staffing company, did that violated the rights of

9    the Plaintiffs?

10    **III.    LEGAL STANDARDS**

11         Rule 12(b)(6), Federal Rules of Civil Procedure, provides that a court must

12    dismiss a complaint if it fails to state a claim upon which relief can be granted. The

13    sufficiency of a complaint on a Rule 12(b)(6) motion to dismiss "presents the

14    antecedent question of what a plaintiff must plead in order to state a claim[.]" *Bell*

15    *Atlantic v. Twombly* 550 U.S. 544, 554-555 (2009). The "plausibility" standard,

16    which the Supreme Court expounded in *Twombly* and reaffirmed in Ashcroft v.

17    *Iqbal*, 556 U.S. 662 (2009), governs the pleading standard necessary to survive a

18    motion to dismiss.

19         To be plausible on its face, a Complaint must contain "factual content that

20    allows the court to draw the reasonable interference that the defendant is liable for

21    the misconduct alleged." *Id*. The court must disregard all legal conclusions, labels,

22    formulaic recitations of elements, and conclusory statements. *Twombly*, 550 U.S. at

23    555. The court must then determine whether the remaining factual allegations, if

24    taken as true, set forth facts sufficient to allege each element of the claim and

25    establish a plausible claim for relief. *Iqbal*, 556 U.S. at 679. When there is a failure

26    by a plaintiff to satisfy a condition precedent to suit, dismissal under Rule 12(b)(6)

27    is appropriate. *Previti v. Nat'l Union Fire Ins. Co.*, 2012 WL 3257877 (C.D. Cal.

28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1   Aug. 7, 2012) (dismissing case under Rule 12(b)(6) when plaintiff failed to comply

2   with conditions precedent included in the applicable ADR provision).

3          Moreover, the Court may also consider certain documents in addition to the

4   pleadings when entertaining a motion to dismiss, including documents attached to

5   the complaint, documents incorporated by reference in the complaint or matters of

6   judicial notice, without converting the motion to dismiss into a motion for

7   summary judgment. *United States v. Ritchie* 342 F.3d 903, 908 (9th Cir. 2003).

8   **IV.    ARGUMENT**

9          **A.    The EEOC Cannot Seek Relief for the Claims Contained in**

10              **Paragraphs 45-47 of the Complaint As They Are Not Included in the**

11              **Letters of Determination**

12         Ninth Circuit precedent is well-established that the EEOC is limited to

13   bringing claims based on the allegations in the underlying Charge or allegations

14   that are reasonably related to those in the Charge, provided that any such additional

15   allegations were included in the EEOC's reasonable cause determination and

16   subject to conciliation.  As the Ninth Circuit has explained: "[T]he original charge

17   is sufficient to support EEOC administrative action, as well as an EEOC civil suit,

18   for any discrimination stated in the charge itself or discovered in the course of a

19   reasonable investigation of that charge, provided such additional discrimination

20   was included in the EEOC 'reasonable cause' determination and was followed by

21   compliance with the conciliation procedures of the Act." *EEOC v. Hearst Corp.,*

22   *Seattle Post-Intelligencer Div.*, 553 F.2d 579, 580-81 (9th Cir. 1976).  See also

23   *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F.Supp.2d 1249, 1268 (E.D. Cal.

24   2009) (the "EEOC's power to sue depends upon ascertainment of a violation, in

25   other words, upon a "reasonable cause" determination that a violation has

26   occurred."); *EEOC v. Am. Sam. Govt.*, 2012 WL 4758115, at \*6 (D. Haw. Oct. 5,

27   2012) ("[T]he scope of permissible claims in a civil action is limited by what an

28   EEOC investigation uncovers and what the EEOC conciliates");

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

1    In *Cal. Psychiatric Transitions*, the EEOC included constructive discharge

2    in the lawsuit, despite the fact that the letter of determination did not mention the

3    charging party's departure from the company, much less find reasonable cause for

4    a constructive discharge. *Cal Psychiatric Transitions*, *supra*, 644 F.Supp.2d at

5    1269. The court rejected the EEOC's argument that the underlying charge of

6    sexual harassment put the company on notice of a constructive discharge claim.

7    *Id.* The court held that the EEOC did not present evidence that it considered or

8    investigated constructive discharge, it was not included in the letter of

9    determination, and the EEOC failed to provide notice of a constructive discharge

10   claim to the company at all. *Id.* Therefore, the court dismissed the constructive

11   discharge claim.

12       Sims and Henry's Charges do not allege that they were given less favorable

13   assignments, passed over for favorable assignments, denied cross-training, or

14   refused full-time positions and/or constructively discharged in retaliation for

15   complaining about alleged harassment. (*See* RJN Exs. C & D.)  Therefore, even

16   assuming arguendo that such allegations reasonably relate to the allegations in the

17   Charges, the EEOC can only bring suit with respect to these allegations if they

18   were included in the Letter of Determination finding reasonable cause and were

19   subject to conciliation.  See *Hearst Corp.*, *supra*, 553 F.2d at 580-81; *Cal.*

20   *Psychiatric Transitions, Inc.*, *supra*, 644 F.Supp.2d at 1268. Like in *Cal.*

21   *Psychiatric Transitions*, however, the Letter of Determination in this case does not

22   mention individuals being given less favorable assignments, being passed over,

23   denied training, or Cardinal Health's alleged failure to hire temporary workers to

24   full-time positions. (*See* RJN Exs. C & D.)  Accordingly, the EEOC has not

25   satisfied the conditions precedent to suit with respect to these allegations, and it

26   cannot now seek relief on these bases.  The Complaint should be dismissed to the

27   extent that it is based on the allegations contained in Paragraphs 45 – 47 of the

28   Complaint.

**B. The EEOC Has Failed To Allege Appleone Had Sufficient Notice Of Discriminatory Conduct And Failed To Correct The Same**

The EEOC has alleged that Cardinal Health and AppleOne were joint employers. (*See* Complaint ¶¶12-13, Dkt. No. 1.) To prevail on a theory of joint employer liability, a plaintiff must show that the defendant knew or should have known of the discriminatory conduct and that it failed to take those corrective measures within its control. *Caldwell v. ServiceMaster Corp.*, 966 F.Supp.33, 46 (D.D.C. 1997) ("*Caldwell*"); *See also Mathieu v. Norrell Corp.* 115 Cal.App.4th 1174, 1183-85 (Cal. App. 2004) ("*Norrell*") [as a joint employer, a defendant is only properly held liable if it knew or should have known of the conduct and failed to take immediate and appropriate corrective action].

The EEOC admits that AppleOne was a temporary staffing company. The EEOC has not specifically alleged that the Charging Parties provided AppleOne with sufficient notice of discrimination, harassment or other prohibited conduct such that AppleOne would have had an opportunity to take corrective measures. The EEOC's Complaint does not contain any allegations that AppleOne failed to take any corrective measures to address specific instances of discrimination, harassment or other wrongful conduct. Indeed, the EEOC admits that Cardinal Health, not AppleOne, controlled the workplace facility for temporary employees, and supervised the employees and the facility, while the temporaries were on assignment. Further, the EEOC admits, "AppleOne also followed up with Cardinal Health about complaints it received from employees AppleOne had placed, and Cardinal Health responded to AppleOne's inquiries." There are simply no allegations of wrongdoing on the part of AppleOne that provide a basis for liability Accordingly, the EEOC's Complaint against AppleOne should be dismissed.

**V. CONCLUSION**

The Complaint does not state a plausible claim for relief with respect to the allegations contained in Paragraphs 45-47, as the allegations were not contained in

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

1   Sims and Henry's Charges or the EEOC's Letters of Determination and, therefore,

2   there is no relief available on those claims. (*See* Complaint ¶¶ 45-47, Dkt. No. 1.)

3   These allegations against AppleOne must be dismissed with prejudice.  AppleOne

4   respectfully requests that the Court grant its Partial Motion to Dismiss and dismiss

5   the allegations in Paragraphs 45-47 from the Complaint with prejudice.

6          Additionally, the Complaint does not specifically allege that the Charging

7   Parties provided AppleOne with sufficient notice of discrimination, harassment or

8   other prohibited conduct such that AppleOne would have had an opportunity to

9   take corrective measures. Therefore, the Complaint must be dismissed as against

10  AppleOne.

11

12  Dated: October 15, 2019                K.P. ROBERTS & ASSOCIATES,

13                                         A PROFESSIONAL LAW CORPORATION

14

15                                         By:  ___/s/ Kevin Y. Kanooni_____

16                                              Kevin Y. Kanooni

17                                         Attorneys for Defendant
                                           Howroyd-Wright Employment Agency, Inc.

18

19

20

21

22

23

24

25

26

27

28

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this date with a copy of the foregoing document via the court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on October 15, 2019, at Woodland Hills, California.


CINDY L. HOFFMAN
Type or Print Name                                    Signature

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

**PROOF OF SERVICE**

STATE OF CALIFORNIA          ]
                             ] ss.
COUNTY OF LOS ANGELES        ]

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within entitled action; my business address is 6355 Topanga Canyon Boulevard, Suite 403, Woodland Hills, CA 91367-2102.

On October 15, 2019, I served the foregoing document described as MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) on the interested parties in this action by placing "true copies" thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as follows:

Anna Y. Park
Sue J. Noh
Jennifer L. Boulton
Natalie Nardecchia
U.S. Equal Employment
Opportunity Commission
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Tel: 213-894-1083; Fax: 213-894-1031
Email: lado.legal@eeoc.gov

David Montgomery
Jackson Lewis P.C.
PNC Center
201 E. Fifth Street, 26th Floor
Cincinnati, OH 45202
David.Montgomery@jacksonlewis.com

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of party

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare, under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed on October 15, 2019, at Woodland Hills, California.

CINDY L. HOFFMAN
Type or Print Name

Signature

MEMO OF POINTS AND AUTHORITIES ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)