Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Derek W. Li, SBN 150122
César J. del Peral, SBN 232140
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:19-cv-00941-CBM-SHK<br><br>**PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'s PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Hearing Date: November 19, 2019<br>Time: 10 a.m.<br>Courtroom: 8B |

# I. INTRODUCTION

In its Complaint, Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) alleged that since 2016 Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C 2000e *et seq*, *as amended* (Title VII) by subjecting two Charging Parties and a class of similarly situated aggrieved individuals (collectively, Claimants) to a hostile work environment, disparate treatment, constructive discharge, termination, and/or retaliation. ECF No. 1 at 6, ¶ 28.

Defendant Howroyd-Wright Employment Agency, Inc. d/b/a AppleOne Employment Services (AppleOne) moves to dismiss Paragraphs 45-47 of the Complaint on the grounds that facts stated in those paragraphs were not included in the EEOC's Letters of Determination. The Letters of Determination at issue state that the EEOC found reasonable cause to believe that AppleOne subjected "Charging Party and a class of Black employees to discrimination and harassment and a hostile work environment while on assignment at AppleOne's client, Cardinal Health, . . . [and] retaliation, including but not limited to discharge . . . or constructive discharge" in violation of Title VII. Because the three paragraphs at issue state facts giving notice of the claims stated in the Letters of Determination, AppleOne's motion should be denied.

AppleOne also contends that the Complaint made no allegations that "AppleOne knew or could have reasonably known discriminatory conduct was occurring" or that AppleOne failed to take corrective measures within its control. ECF No. 21 at 1:8-16. AppleOne's argument fails because the Complaint contains facts as to what AppleOne should have known and how AppleOne failed to respond. The Complaint states that the supervisors and managers themselves used the n-word on a frequent, daily basis and that the Claimants complained to AppleOne's management verbally and/or in writing. ECF No. 1 at ¶¶ 36, 38, 40. The Complaint also states that Defendant Cardinal Health accepted and shared the

complaints with AppleOne. *Id.* at ¶ 39. The EEOC further alleged that AppleOne failed to take prompt and effective remedial action by failing to conduct an adequate investigation, failing to follow-up with Cardinal Health about the complaints that Cardinal Health shared with AppleOne. *Id.* at ¶43. These facts provide adequate notice of the claims.

Accordingly, the Court should deny AppleOne's motion in its entirety or grant the EEOC leave to amend its Complaint.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Charging Parties Sequia Sims and Lisa Henry each filed a Charge of Discrimination against AppleOne. ECF No. 1 at 4, ¶¶ 15, 17. After investigating their Charges, EEOC issued a Letter of Determination as to each Charge of Discrimination. *Id.* at 5, ¶ 23.

In the Letter of Determination regarding the Sims Charge, the EEOC found reasonable cause to believe that AppleOne subjected "Charging Party and a class of Black employees to discrimination, harassment and a hostile work environment while on assignment at AppleOne's client, Cardinal Health, [and] . . . retaliation, including but not limited to discharge . . . or constructive discharge" in violation of Title VII. ECF No. 20 at 11. In the Letter of Determination for the Henry Charge, the EEOC also found reasonable cause to believe that AppleOne subjected "Charging Party and a class of Black employees to discrimination and harassment and a hostile work environment while on assignment at AppleOne's client, Cardinal Health, [and] . . . retaliation, including but not limited to discharge or constructive discharge." ECF No. 20 at 9.

EEOC tried to conciliate with AppleOne to resolve the Charges but could not secure from AppleOne an agreement acceptable to EEOC. On May 21, 2019, it filed its Complaint alleging AppleOne and another Defendant violated Title VII. ECF No. 1.

///

## III. ARGUMENT

### A. Legal Standard

A complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) for one of two reasons: "lack of a cognizable legal theory," or "the absence of sufficient facts under a cognizable legal claim." *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). A court must take all well-pled factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* at 1122. At a minimum, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what … the claim is and the grounds upon which it rests." *Id.*

### B. Paragraphs 45-47 of the Complaint Should Not Be Dismissed Because They State Factual Allegations or Examples of the EEOC's Claims of Discrimination, Harassment, and Retaliation and Each of These Claims Appear in the Plain Language of the Letters of Determination.

AppleOne argues the Court should dismiss the "allegations in Paragraphs 45-47 of [the EEOC's] Complaint" because the allegations "were not included in the EEOC's Letter of Determination" and are thus "beyond the scope of what the agency may include in this lawsuit." ECF No. 21 at 1. AppleOne's argument is untenable because paragraphs 45, 46, and 47 of the Complaint reflect factual examples of the EEOC's claims of discrimination, harassment, and/or retaliation. Each of these claims are otherwise adequately pled in the Complaint with other related facts. AppleOne's motion requests the dismissal of facts that support the EEOC's claims in violation of the legal standard that the EEOC give notice of these claims by stating facts that make the claims plausible.

Paragraphs 45, 46, and 47 provide additional notice of the factual underpinnings of the EEOC's Complaint. The EEOC alleged in paragraph 45 that

"Black employees were given less favorable assignments than non-Black employees and were passed over for assignments despite being more qualified than non-Black counterparts." ECF No. 1 at 9. Paragraph 46 states: "Black employees were also denied cross-training than non-Black employees received, which made them more desirable for permanent positions." *Id.* Paragraph 47 states: "In response to complaints of racial harassment, Defendants took retaliatory actions against employees, including but not limited to, failing to hire temporary employees for permanent positions, constructively discharging and/or terminating their employment with Cardinal Health and/or Apple One." *Id.* These paragraphs provide notice of Defendants' racial animus toward Black employees, and thereby supports the discrimination/disparate treatment, hostile work environment, and retaliation claims.

Courts have explicitly rejected AppleOne's argument. *E.g.*, *EEOC v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1025-26 (D. Ariz. 2013). In *Swissport*, defendant moved for summary judgment on the grounds that the findings in the EEOC's letters of determination do not specify the factual basis underlying the claims in the EEOC's complaint. *Id.* The EEOC's letter of determination for charging party Aguek stated that it had reasonable cause to find that defendant retaliated against him. *Id.* at 1025. The court denied defendant's motion for summary judgment on the EEOC's retaliatory failure to promote claim since the EEOC's findings in its letter of determination was sufficient to support its claim. *Id.* Further, the EEOC's letter of determination for charging party Alai-Chu stated that it found reasonable cause for harassment and disparate treatment. *Id.* at 1026. The court denied defendant's motion for summary judgment on the EEOC's claim of racially discriminatory failure to promote since the finding in its letter of determination was sufficient to support its claim. *Id.*

In denying defendant's summary judgment motions, the court reasoned that "this Court and others have held that the EEOC's Letter of Determination need not

reach the level of specificity demanded by the employer." *Swissport Fueling, Inc.*, 916 F. Supp. 2d at 1025. In rejecting defendant's argument that the EEOC's letter of determination did not state a finding for "failure to promote," the court noted that "[f]ailure to promote is a common manifestation of disparate treatment." *Id.* (citing *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004)).

Here, paragraphs 45-47 state examples of discrimination, harassment, and retaliation, and the EEOC's letters of determination mirror the Complaint because they state that the EEOC found reasonable cause to believe that discrimination, harassment, and retaliation occurred. Paragraph 45 alleges discrimination in assignments against Black employees leading to denial of permanent hire for those employees. "Because failure to promote claims are disparate treatment claims, they are governed by the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*." *Swissport*, 916 F. Supp. 2d at 1026-27 (citing *Lyons v. England*, 307 F.3d 1092, 1119 (9th Cir. 2002); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see Patterson v. Boeing Co.*, No. CV 16-7613-GW (SKx), 2018 WL 5937911 at *18-*20 (C.D.Cal. Apr. 4, 2018) (favorable assignments to non-Black employees is evidence of discrimination or disparate treatment).

Paragraph 46 alleges that Black employees were denied cross-training that non-Black employees received. Denial of training is an example of discrimination or disparate treatment. *See Raphael v. Tesoro Corp.*, No. 2:15-CV-05080-SVW-JEM, 2016 WL 6634915 at *6-*7 (C.D.Cal. Oct. 26, 2016) (applying the *McDonnell Douglas* analytical framework to disparate treatment discrimination allegations including, *inter alia*, denial of training opportunities to the Black plaintiff while providing those opportunities to non-Black employees); *see also Thompson v. C & H Sugar Co.*, No. 12-cv-00391 NC, 2014 WL 1779144 at *9 (N.D.Cal. May 5, 2014) (finding on summary judgment that plaintiff could proceed with discrimination claim based in part on allegations of "denied training and promotion opportunities").

Paragraph 47 alleges retaliatory failure to hire to permanent positions, retaliatory firing, and retaliatory constructive discharge. Failure to hire, firing, and constructive discharge are examples of adverse actions in a retaliation claim. *See Kamden-Ouaffo v. Idahoan Foods, LLC*, 243 F. Supp. 3d 1130, 1141-45 (D. Idaho 2017) (applying *McDonnell Douglas* framework to deny summary judgment on retaliatory-failure-to-hire claim).

In support of its arguments, Defendant cites to *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F. Supp. 2d 1249, 1268 (E.D.Cal. 2009). In that case the constructive discharge claim was dismissed because that letter of determination did not mention the charging party's departure from the company and did not include a finding that there was reasonable cause to believe that the employer had constructively discharged the charging party.

However, *Cal. Psychiatric Transitions* is factually distinguishable. In contrast, the EEOC's letters of determination made explicit findings of discrimination, harassment, and retaliation. Paragraphs 45-47 provide specific examples of the findings made by the EEOC.

In summary, paragraphs 45-47 provide notice of Defendants' racial animus toward Black employees, and thereby supports the discrimination/disparate treatment, hostile work environment, and retaliation claims. Further, the EEOC's findings in its letters of determination encompasses the allegations made in paragraphs 45-47. Therefore, Defendant's motion to dismiss paragraphs 45-47 should be denied.

**B. Because Complaint Paragraphs 38-40 include allegations that AppleOne had notice of the harassment at issue here, the Court should deny its request to dismiss the Complaint for lack of that very notice.**

AppleOne finally argues that the Court should dismiss EEOC's entire Complaint as to AppleOne because EEOC did not sufficiently plead that AppleOne

had notice of the behavior at issue here.[1] ECF No. 1 at 1, 8. EEOC alleged explicitly in the Complaint that AppleOne knew or should have known about the harassment at issue and that it failed to take appropriate corrective measures. Complaint Paragraph 38 alleges:

> Charging Parties and other affected employees did not welcome any of the harassment. Charging Parties and other adversely affected employees objected to the harassing conduct, complained to Cardinal Health's management and/or AppleOne's management verbally and/or in writing, and/or filed Charges of Discrimination with the EEOC.

Complaint, ECF No. 1, p. 7. In addition, Paragraph 39 alleges, in relevant part:

> …Defendant AppleOne also followed up with Cardinal Health about complaints it received from employees AppleOne had placed, and Cardinal Health responded to AppleOne's inquiries.

*Id.*, p. 8. Also, Paragraph 40 alleges:

> Defendant AppleOne knew or should have known about the harassment because Charging Parties and/or other adversely affected employees complained about the harassment to their supervisors, Human Resources, and/or the EEOC, which then notified AppleOne about the complaints. AppleOne also purportedly had one of its permanent employees assigned to the Cardinal Health worksite.

*Id.*, p. 8.

---

[1] Defendant states that liability under a joint employer theory requires a showing that defendant knew or should have known of the discriminatory conduct and that it failed to take those corrective measures within its control. ECF No. 21 at 8. Defendant's statement of the theory of liability is misleading since it is the direct employer of the charging parties and class members.

Thus, the above paragraphs of the complaint state adequate facts to support notice of the claims and AppleOne's failure to take corrective measures. Thus, AppleOne's motion should be denied. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## IV. CONCLUSION

Because Paragraphs 45-47 allege facts necessary to allege cognizable legal claims, as Fed. R. Civ. P. 12(b)(6) requires, because the Letters of Determination in this case contained separate, distinct findings of discrimination, harassment, and retaliation in compliance with Title VII's notice requirements, and because EEOC alleged that AppleOne knew or should have known of the harassment at issue in this case, EEOC respectfully requests that the Court deny AppleOne's motion in its entirety. In the alternative, if the Court finds the EEOC's complaint deficient the EEOC seeks leave to amend.

Respectfully submitted,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*/s/ César J. del Peral*

Date: October 29, 2019

By: César J. del Peral
Attorney for Plaintiff, EEOC