1  KENNETH P. ROBERTS (SBN 74955)
2  MICHAEL B. SMITH (SBN 136762)
3  RYAN P. TISH (SBN 274284)
   KEVIN Y. KANOONI (SBN 292707)
4  K.P. ROBERTS & ASSOCIATES,
5  A PROFESSIONAL LAW CORPORATION
   6355 Topanga Canyon Boulevard
6  Suite 403
7  Woodland Hills, CA 91367
   Telephone: (818) 888-3553
8
9  Attorneys for Howroyd-Wright Employment
10 Agency, Inc. dba AppleOne Employment Services

11              UNITED STATES DISTRICT COURT

12       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13

| | |
|---|---|
| 14  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 5:19-cv-00941 CBM (SHKx) Assigned to: |
| 15 | District Judge: Consuelo B. Marshall |
| 16         Plaintiff, | Magistrate Judge: Shashi H. Kewalramani |
| 17     v. | |
| 18 | REPLY BRIEF IN SUPPORT OF |
| 19  CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD- | DEFENDANT HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S |
| 20  WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE | PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS |
| 21  EMPLOYMENT SERVICES; and | PURSUANT TO FRCP 12(B)(6) |
| 22  DOES 1-10, inclusive, | |
| 23         Defendants. | Date:       November 19, 2019 |
| 24 | Time:       10:00 a.m. |
| 25 | Location:   Courtroom 8B |
| 26 | Complaint filed:  May 21, 2019 |

27

28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

1

TABLE OF CONTENTS

2

3  I.   INTRODUCTION                                                     1

4  II.  THE EEOC MUST COMPLY WITH TITLE VII REQUIREMENTS AND

5       FAILED TO DO SO                                                  1

6  III. CALDWELL AND NORRELL REQUIRE ACTUAL NOTICE WHICH

7       WOULD PROVIDE APPLEONE WITH AFFIRMATIVE KNOWLEDGE

8       OF THE ALLEGED WRONGDOINGS                                       5

9  IV.  CONCLUSION                                                       6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

REPLY BRIEF ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1

**TABLE OF AUTHORITIES**

2

3  **CASES**

4  *Caldwell v. ServiceMaster Corp.*, 966 F.Supp.33, 46 (D.D.C. 1997) ........................1, 6, 7

5  *EEOC v. Am. Home Prods. Corp.*, 165 F.Supp.2d 886, 914 (N.D. Iowa 2001)..................5

6  *EEOC v. Arizona*, 824 F. Supp. 898, 901 (D. Ariz. 1991)......................................................4

7  *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir. 2003) .....................3

8  *EEOC v. Cal. Psychiatric Transitions, Inc.*, 644 F.Supp.2d 1249, 1268

9  (E.D. Cal. 2009) ........................................................................................................................4

10  *EEOC v. Chesapeake & Ohio Ry. Co.,* 577 F.2d 229, 232 (4th Cir. 1978).......................3

11  *EEOC v. Crown Liquors of Broward, Inc.*, 503 F.Supp. 330, 333 (S.D. Fla. 1980)...........5

12  *EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 968 (7th Cir. 1996)...........................2

13  *EEOC v. McGee Bros. Co.*, 2011 U.S. Dist. Lexis 43503, at *7

14  (W.D.N.C. Apr. 21, 2011)........................................................................................................3

15  *EEOC v. MVM, Inc.,* 2018 U.S. Dist. Lexis 81268, at *23-24

16  (D. Md. May 14, 2018) .............................................................................................................3

17  *EEOC v. NCR*, 405 F. Supp 562, 567 (N.D. Ga. 1975) ........................................................5

18  *EEOC v. Upstate Niagara Coop., Inc.,* 2019 U.S. Dist. Lexis 160234, at *11

19  (W.D.N.Y. Sept. 19, 2019).......................................................................................................4

20  *Hajianpour v. Synova, Inc.* 2012 WL 5468834 at *5 (C.D. Cal. Nov. 5, 2012)..................6

21  *Mathieu v. Norrell Corp.* 115 Cal.App.4th 1174, 1183-85 (Cal. App. 2004) .............1, 6, 7

22  *McGee Bros. Co.,* 2011 U.S. Dist. Lexis 43503 at *7 ..........................................................4

23

24  **STATUTES**

25  42 U.S.C. §2000e-5(b) .............................................................................................................2

26

27

28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

- ii -

REPLY BRIEF ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

## I. <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission's ("Plaintiff" or "EEOC") Opposition to Defendant Howroyd-Wright Employment Agency, Inc.'s ("AppleOne") Motion to Dismiss glosses over the fact that the Letters of Determination ("LOD") simply refer to "discharge or constructive discharge." The EEOC's failure to include the allegations contained in Paragraphs 45-47 of the Complaint frustrates the purpose of the pre-suit filing requirements of Title VII and runs afoul of established federal authority.

Additionally, the EEOC has failed to address the *Caldwell v. ServiceMaster Corp.*, 966 F.Supp.33, 46 (D.D.C. 1997) ("*Caldwell*") and *Mathieu v. Norrell Corp.* 115 Cal.App.4th 1174, 1183-85 (Cal. App. 2004) ("*Norrell*") standard. Simply put, allegations of AppleOne's affirmative knowledge of the alleged discrimination and harassment are required and the EEOC failed to allege the same. Moreover, the bare allegations of the Complaint only assert that AppleOne may have been informed after the fact, which does not create liability in this context.

## II. <u>THE EEOC MUST COMPLY WITH TITLE VII REQUIREMENTS AND FAILED TO DO SO</u>

The EEOC alleged for the first time in Paragraphs 45-47 that Black employees (1) were given less favorable assignments and/or passed over for favorable assignments; (2) were denied cross-training opportunities; and (3) were refused hire for full-time positions in retaliation for complaining about alleged harassment. In its Opposition, the EEOC does not dispute that these allegations were not addressed or identified in Ms. Henry and Ms. Sims' Charges or the EEOC's June 4, 2018 Letters of Determination ("LOD"). The EEOC identifies Paragraphs 45-47 of the EEOC's Complaint as "examples" of "discrimination, harassment, and retaliation."

REPLY BRIEF ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

1    The EEOC argues that the vague language in the LOD indicating that it had

2    reasonable cause to believe that AppleOne had subjected Ms. Henry and Ms. Sims

3    and an unidentified and undefined "class" of Black employees to "discrimination,

4    harassment, and a hostile work environment because of their race" and "retaliation,

5    including but not limited to discharge or constructive discharge" was sufficient to

6    put AppleOne on notice and satisfy the EEOC's pre-suit duty of investigation,

7    determination, and conciliation with respect to these claims. Taking the EEOC's

8    position to its logical conclusion, inclusion of one or more of these magic words –

9    "discrimination," "harassment," or "retaliation" – in the LOD would open the door

10    for the EEOC to sue an employer for any conduct that it alleged to be in violation

11    of a federal anti-discrimination law, regardless of whether the employer was ever

12    put on notice of the underlying factual basis of such allegations and regardless of

13    whether the conduct was ever investigated by the EEOC. The position advanced by

14    the EEOC in its Opposition is contrary to both the letter and the spirit of Title VII

15    and should be rejected.

16    The EEOC must comply with and satisfy several basic preconditions before

17    filing suit under Title VII. First, the EEOC must conduct a neutral investigation of

18    a timely charge of discrimination. *EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d

19    963, 968 (7th Cir. 1996). If the EEOC determines after such investigation that

20    there is reasonable cause to believe that unlawful conduct Has occurred, it "shall

21    endeavor to eliminate any such alleged unlawful employment practice by informal

22    methods of conference, conciliation, and persuasion." 42 U.S.C. §2000e-5(b). See

23    also *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir. 2003)

24    ("The duty to conciliate is at the heart of Title VII."); *EEOC v. McGee Bros. Co.*,

25    2011 U.S. Dist. Lexis 43503, at *7 (W.D.N.C. Apr. 21, 2011) ("Specifically,

26    before the EEOC can bring a civil action against an employer, 'there must be a

27    charge filed with the EEOC, notice of the charge to the employer, investigation by

28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

REPLY BRIEF ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

the EEOC, a determination of reasonable cause, and an effort at conciliation.'")
(internal citations omitted)).

As courts have repeatedly recognized, for the conciliation process to be meaningful, it is critical that the EEOC provide the employer with reasonable notice regarding the nature of the alleged violations; specifically, the EEOC must issue a letter of reasonable cause determination that summarizes the investigative findings and sets forth the specific grounds for liability. *See, e.g., EEOC v. MVM, Inc.,* 2018 U.S. Dist. Lexis 81268, at *23-24 (D. Md. May 14, 2018) ("The primary purpose of an LOD [Letter of Determination] is to put a defendant on notice of what the EEOC believes it has done wrong, so that the defendant can conduct its own investigation and decide whether to engage in voluntary compliance." (quoting *EEOC v. Chesapeake & Ohio Ry. Co.,* 577 F.2d 229, 232 (4th Cir. 1978) ("The reasonable cause determination is not designed to adjudicate an employer's alleged violations of the Act but to notify an employer of the commission's findings and to provide common ground for conciliation.")); *McGee Bros. Co.,* 2011 U.S. Dist. Lexis 43503 at *7 ("The administrative perquisites to suit serve two important purposes: 'first, the employer is fully notified of the violation alleged by the charging party; and second, the EEOC has the opportunity to consider all the charges and to attempt their resolution through conciliation and voluntary compliance.'") (internal citations omitted); *EEOC v. Arizona,* 824 F. Supp. 898, 901 (D. Ariz. 1991) ("The purpose of conciliation is to allow the employer the opportunity to discuss the individual circumstances surrounding the alleged violation."); *EEOC v. Upstate Niagara Coop., Inc.,* 2019 U.S. Dist. Lexis 160234, at *11 (W.D.N.Y. Sept. 19, 2019) ("One purpose of the Letter of Determination is to provide notice to the defendant employer of what was allegedly done and which applicants or class of applicants had presumably suffered").

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

- 3 -

1    Adopting the position advocated by the EEOC deprives the employer the

2 opportunity to meaningfully conciliate and nullifies the purpose of Title VII's well-

3 defined pre-suit administrative process. The Court should follow the approach

4 taken in *EEOC v. Cal. Psychiatric Transitions, Inc.*, where the court rightfully

5 rejected this same argument and prohibited the EEOC from advancing a

6 constructive discharge claim in litigation where it had failed to include such a

7 claim in the Letter of Determination or otherwise provide the employer with notice

8 of the claim such that the employer could meaningfully consider it during the

9 conciliation process. *See EEOC v. Cal. Psychiatric Transitions, Inc.*, 644

10 F.Supp.2d 1249, 1268 (E.D. Cal. 2009) (the "EEOC's power to sue depends upon

11 ascertainment of a violation, in other words, upon a "reasonable cause"

12 determination that a violation has occurred."). *See also EEOC v. Am. Home Prods.*

13 *Corp.*, 165 F.Supp.2d 886, 914 (N.D. Iowa 2001) ("The record here demonstrates

14 that the EEOC made no "reasonable cause" determination with regard to the

15 separate employment *practice* of post-release retaliation . . . [c]onsequently, the

16 EEOC has failed to satisfy the prerequisites for suit regarding any *practice* directed

17 at Wood other than his retaliatory termination, and cannot assert in this litigation

18 any claims pertaining to post-release retaliation against Wood."); *EEOC v. Crown*

19 *Liquors of Broward, Inc.*, 503 F.Supp. 330, 333 (S.D. Fla. 1980) (striking claims

20 from the plaintiff's complaint and explaining that "the Commission may not sue on

21 a complaint broader in scope than the results of its investigation as contained in its

22 reasonable cause determination."); *EEOC v. NCR*, 405 F. Supp 562, 567 (N.D. Ga.

23 1975) (declining to "take cognizance" of "those issues lying outside the EEOC's

24 'reasonable cause' determination" in the judicial complaint).

25    Accordingly, AppleOne respectfully requests that the Court dismiss the

26 allegations in Paragraphs 45-47 from the Compliant with prejudice.

27

28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

## III.  CALDWELL AND NORRELL REQUIRE ACTUAL NOTICE WHICH WOULD PROVIDE APPLEONE WITH AFFIRMATIVE KNOWLEDGE OF THE ALLEGED WRONGDOINGS

Under the framework of *Caldwell v. ServiceMaster Corp.*, 966 F.Supp.33, 46 (D.D.C. 1997) ("*Caldwell*") and *Mathieu v. Norrell Corp.* 115 Cal.App.4th 1174, 1183-85 (Cal. App. 2004) ("*Norrell*") AppleOne could only have notice-liability which notice-liability must be sufficient. "As a joint employer, [a staffing agency] defendant is only properly held liable for any discriminatory conduct which it participated in, knew about, or in the exercise of reasonable care should have known about. [citations] Only if [the staffing agency] defendant had or should have had knowledge of any alleged discrimination is it fair to hold one joint employer liable for the conduct of another joint employer. *Hajianpour v. Synova, Inc.* 2012 WL 5468834 at *5 (C.D. Cal. Nov. 5, 2012) (citing *Norrell*, *supra*, 115 Cal.App.4th at 1184).[1]

Paragraph 38 of the Complaint makes allegations in the alternative using "and/or" which is not adequate against AppleOne. The EEOC is required to affirmatively allege that AppleOne had prior knowledge and notice of the alleged wrongdoings in order to establish a theory of liability, and not equivocate as to whether it was AppleOne "and/or" Cardinal Health that had such knowledge or notice. Furthermore, Paragraphs 39 and 40 do not allege the temporal requirements for liability against AppleOne for the alleged discriminatory/harassing acts, Paragraphs 39 and 40 only allege that AppleOne may have been informed after the fact. Again, *Caldwell* and *Norrell* both require affirmative knowledge and notice of the alleged wrongdoings in order to state a claim for liability against a staffing agency joint employer.

The EEOC misses the mark with regards to the standards put forth by the *Caldwell* and *Norrell* courts. The standard requires affirmative knowledge and

---

[1] The EEOC's Complaint has alleged joint employer liability. (*See* Complaint ¶¶12-13, Dkt. No. 1.)

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

1   notice to establish liability on the joint employer. The EEOC's complaint makes
2   allegations in the alternative and simply does not allege temporal requirements for
3   liability, alleging notice and knowledge _after_ the alleged discriminatory/harassing
4   acts have occurred. Accordingly, the EEOC's Complaint against AppleOne must
5   be dismissed.

6   **IV.    CONCLUSION**

7         For the reasons set forth above, AppleOne requests that the Court dismiss
8   Paragraphs 45-47 and dismiss the EEOC's Complaint in its entirety for the
9   EEOC's failure to allege sufficient notice of discrimination, harassment or other
10  prohibited conduct such that AppleOne would have had an opportunity to take
11  corrective measures. Therefore, the Complaint must be dismissed as against
12  AppleOne.

13

14  Dated: November 6, 2019          K.P. ROBERTS & ASSOCIATES,
15                              A PROFESSIONAL LAW CORPORATION

16

17                         By:     /s/ Kevin Y. Kanooni
18                             Kevin Y. Kanooni
19                             Attorneys for Defendant
                           Howroyd-Wright Employment Agency, Inc.
20
21
22
23
24
25
26
27
28

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

REPLY BRIEF ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY,
INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this date with a copy of the foregoing document via the court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Executed on November 6, 2019, at Woodland Hills, California.

CINDY L. HOFFMAN
Type or Print Name

Signature

KENNETH P. ROBERTS
A PROFESSIONAL LAW CORPORATION
6355 TOPANGA CANYON BLVD., SUITE 403
WOODLAND HILLS, CA 91367-2102

REPLY BRIEF ISO OF DEF HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC.'S PARTIAL MOTION TO DISMISS AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)