Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Andrea E. Ringer, SBN 307315
Lorena Garcia-Bautista, SBN 234091
Taylor Markey, SBN 319557
Ella Hushagen, SBN 297990
Natalie Nardecchia, SBN 246486
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:19-cv-00941 CBM-SHK<br><br>**EEOC'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING CARDINAL HEALTH'S MOTION TO LIMIT TEMPORAL SCOPE OF DISCOVERY** |

The EEOC brings this enforcement action under Title VII of the Civil Rights Act of 1964, as amended, on behalf of Charging Parties Lisa Henry and Sequia Sims and a class of Black individuals subjected to a hostile work environment, retaliation and/or constructive discharge between 2016 and the present. This includes enduring a workplace permeated with racist slurs and graffiti, including frequent use of the slur "n----r." On June 4, 2018, the EEOC notified Cardinal via its Reasonable Cause Determination (also known as "Letter of Determination" or "LOD") that it found reasonable cause to believe that Defendants subjected the Charging Parties and a class of Black workers to a hostile work environment based on race, constructive discharge and/or retaliation. The Parties attempted to conciliate those claims. Defendant contends the EEOC is not entitled to discover evidence showing that this hostile work environment towards Black workers continued after the EEOC issued its LOD, or reflecting what steps Defendant has taken (if any) to correct and prevent further harassment, and supports its position by citing to a Supreme Court ruling regarding attorney's fees. In contrast, the EEOC's position is supported by a litany of Ninth Circuit decisions, Supreme Court precedent, and lower court decisions, described below.

The Court should reject Cardinal's request to improperly narrow the scope of discovery because: (1) the discovery sought is relevant and proportional; (2) the EEOC may obtain relief for class members subjected to the same hostile work environment after the LOD, as Cardinal had notice since Sims' Charge of Discrimination in September 2017 (Dkt. 18-2 at 3-4) of the class allegations, the EEOC undisputedly placed Cardinal on notice in the June 4, 2018 LODs that it found reasonable cause to believe a class of Black workers were subjected to a hostile work environment (*see* Dkt. 18-3), and the EEOC gave Cardinal an opportunity to conciliate those claims; (3) the policy implications of limiting the temporal scope of the case would upend the EEOC's enforcement authority and ability to bring systemic cases; and (4) Cardinal's position is unsupported by

evidence or authorities, and asks the Court to ignore the Supreme Court's holding in *Mach Mining* and binding Ninth Circuit precedent.

**A.      Discovery Through Present Should be Compelled because It is Relevant to the Claims, Defenses, and Remedies and Harassment Constitutes One Act.**

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In this case, all events occurring between April 2, 2016 through the present are relevant to the claims, defenses, and remedies sought. *See* Dkt. 1, ¶ 28 (alleging Cardinal engaged in discriminatory practices from at least 2016 through present).

Defendant is mistaken that its liability for the hostile work environment towards Black workers ended in June 2018. As a matter of law, a "hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,'" and as a result an "employer may be liable for all acts that are part of this single claim." *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117-18 (2002). Thus, the EEOC may discover evidence that the hostile work environment continued after it issued its LOD, and that Defendants failed to take reasonable steps to prevent and correct that hostile work environment. The Ninth Circuit has reversed courts that fail to consider all the evidence in its totality when reviewing harassment claims. *EEOC v. Global Horizons, Inc.*, 915 F.3d 631, 634, 642-43 (9th Cir. 2019). Here, there is evidence of ongoing harassment, as a current employee of Cardinal testified to continuing racial hostility at the Ontario facility in 2018 through to present. Further, the EEOC is "the master of its own case" and is responsible for serving the "overriding public interest" in preventing employment discrimination and harassment and enforcing Title VII. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002); *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 326 (1980).

Cardinal made a blanket objection to providing <u>any</u> discovery after June 4, 2018 on the ground that it is not relevant, but failed to provide a single case where a court issued an order like the one it seeks. The discovery is relevant and proportional because it is vital for the Commission to be able to, *inter alia*, ascertain all potential class members, witnesses, incidents and complaints of race-based discrimination, investigations, and remedial measures taken, if any, between April 2016 and the present. Where a hostile work environment continues after the LOD, the EEOC may obtain relief for all potential class members including that it discovers, as their claims are "already encompassed" in the LOD or are "'like or reasonably related' to the initial charge." *Arizona ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1204-05 (9th Cir. 2016). It is paramount for the EEOC to obtain discovery of Cardinal's practices and responses to complaints of race-based discrimination through the present. The EEOC is entitled to discovery relating to Defendant's compliance with Title VII, which pertains to injunctive relief. *See EEOC v. Creative Networks, L.L.C.*, 912 F. Supp. 2d 828, 845 (D. Ariz. 2012).

The discovery is also relevant to Cardinal's expected argument against punitive damages and its *Faragher/Ellerth* defense that it took sufficient measures to end and prevent future racial discrimination. (Dkt. 17). Punitive damages are warranted when an employer fails to take prompt and effective remedial actions when aware of complaints, shows dismissive treatment of complaints, and/or does not investigate. *Arizona v. ASARCO LLC*, 773 F.3d 1050, 1059 (9th Cir. 2014).

**B.      The EEOC May Obtain Relief for Class Members Subjected to Hostile Work Environment After the Letter of Determination.**

The EEOC is also entitled to evidence reflecting that other Black workers were subjected to a hostile work environment after the LOD because the Commission fulfilled its pre-suit obligations to notify Defendant of the unlawful employment acts and the affected class of workers, and engaged in efforts to conciliate the claims. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 494 (2015).

Therefore, the EEOC is entitled to discovery to obtain relief for Black workers subjected to the same hostile work environment based on race after the LOD.

Indeed, the limited scope of judicial review was established in *Mach Mining*, 575 U.S. 480. First, the Commission "must inform the employer about the specific allegation" to describe "what the employer has done and which employees (or what class of employees) have suffered as a result," and second, the EEOC must "give the employer an opportunity to remedy the allegedly discriminatory practice." *Id*. at 494. The Supreme Court and the Ninth Circuit do "not impose any additional pre-suit conciliation requirement[s]" for "individual conciliation prior to bringing a lawsuit on behalf of a class of individuals." *Geo Grp.,* 816 F.3d at 1200. Where the EEOC finds reasonable cause that a class has experienced discrimination as a result of the employer's unlawful conduct, the Commission is not required to identify the size of the class, identify individual members of the class, or attempt conciliation on behalf of each class member individually. *Id.* at 1199; *see also EEOC v. Bruno's Restaurant,* 13 F.3d 285, 289 (9th Cir.1993); *EEOC v. Evans Fruit Co., Inc*., 872 F.Supp.2d 1107, 1111 (E.D. Wash. 2012); *EEOC v. Bay Club Fairbanks Ranch, LLC*, 2020 WL 4336297, at *4 (S.D. Cal. July 28, 2020). Appellate courts outside the Ninth Circuit have reached analogous conclusions. *See EEOC v. Bass Pro Outdoor World, LLC,* 826 F. 3d 791, 805 (5th Cir. 2016); *Serrano v. Cintas Corp*., 699 F.3d 884, 904 (6th Cir. 2012); *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1185-86 (4th Cir.1981).  Nor does Title VII require the EEOC to "lay out the factual and legal basis for all its positions." *Mach Mining*, 575 U.S. at 491. The sufficiency of EEOC's investigation is also not subject to judicial review. *See Bass Pro*, 826 F.3d at 805-06; *EEOC v. Sterling Jewelers*, 801 F.3d 96, 101 (2d Cir. 2015).[1]

---

[1] Even if the EEOC investigation were subject to review, Defendant cannot credibly argue that the EEOC failed to investigate. The EEOC produced hundreds

The EEOC met its pre-suit obligations. First, the EEOC issued its June 4, 2018 reasonable cause determination putting Defendant on notice that it found reasonable cause to believe that Defendants engaged in unlawful conduct (discrimination, harassment, and hostile work environment) that affected a class of Black employees (Dkt. 18-3), meeting the first requirement of *Mach Mining*, 575 U.S. at 494. Second, the EEOC provided Defendant the opportunity to remedy the discriminatory practices described in the LODs, meeting the second requirement of *Mach Mining*. (Dkt. 1, ¶ 24). Under Title VII, conciliation efforts are confidential; a reviewing court may only consider "whether the EEOC attempted to confer about a charge, and not what happened (*i.e.,* statements made or positions taken)." *Mach Mining,* 575 U.S. at 494; 42 U.S.C. § 2000e-5(b). "Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute." *Id.* at 493.[2]

Following *Mach Mining*, the Ninth Circuit held in 2016 that the EEOC may obtain relief for class members subjected to discrimination after the LOD where their claims are "already encompassed within" the LOD or "'like or reasonably related' to the initial charge [of discrimination]." *Geo Group, Inc.,* 816 F.3d at 1204-05. A "district court's outright exclusion of alleged discrimination and retaliation that occurred after the [LOD is] misguided." *Id.* at 1205-06 (vacating the "per se exclusion of any discrimination" after the LOD). Here, the EEOC may obtain relief for class members subjected to the same hostile work environment

---

of pages of questionnaires and interview notes in discovery, and Defendants to-date have not provided an employee list that post-dates September 2017.

[2] Defendant does not dispute these facts, or offer any evidence that, for example, the LODs were not received, or that EEOC failed to communicate with Defendant to provide it with an opportunity to remedy the discriminatory practices described. As such, there is no basis for the Court to inquire further. *See Mach Mining,* 575 U.S. at 495. Moreover, the LODs confirm that the EEOC provided Cardinal with the required notice of the specific allegation and the "class of employees who have suffered as a result." *Id.* at 493-94.

towards Black workers after the LOD. Thus, Cardinal's request for a blanket exclusion of any discrimination that occurred after the LOD is baseless.

Were this Court to adopt Cardinal's logic, any claimant identified after the LOD would have to file their own charge, and the EEOC would have to investigate and conciliate for each. This position is without merit. "[I]n an EEOC class action, an aggrieved employee is not required to file a new charge of discrimination" where the claim is encompassed within the LOD. *Geo Grp.*, 816 F.3d at 1204-05. The Commission can add claimants identified after the filing of the complaint, including those identified in discovery. *See, e.g.*, *EEOC v. United Parcel Serv.,* 2017 WL 2829513, at *9 (E.D.N.Y. June 29, 2017); *Bay Club*, 2020 WL 4336297, at *4. The EEOC is entitled to do so as part of its "investigative function to seek proof at the discovery stage of other possible victims." *EEOC v. Grace Episcopal Church of Whitestone, Inc.*, 2007 WL 6831007, at *8 (E.D.N.Y. July 3, 2007). "At the discovery stage, the EEOC should be allowed to seek proof of the effect [of an alleged discriminatory practice]" on all potential claimants. *EEOC v. St. Louis-San Francisco Ry. Co.,* 743 F.2d 739, 744 (10th Cir. 1984).[3]

In light of this legal backdrop, Cardinal's specious arguments that it lacked notice of the class allegations and discriminatory practice, and that the Commission failed to satisfy its pre-suit requirements, must be rejected.

**C.  Defendant's Position is Against Public Policy as It Would Require New Charges to Be Filed Despite Ongoing Enforcement Litigation.**

The EEOC's broad investigatory and enforcement powers also warrant the

---

[3] Assuming *arguendo* the Commission did not satisfy the conciliation requirement, which it did, the "appropriate remedy is to order the EEOC to undertake the mandated efforts to obtain voluntary compliance." *Mach Mining*, 575 U.S. at 495. Cardinal did not request conciliation. Rather, it improperly seeks to limit the scope of the case. This Court should reject this attempt and decline a stay as Cardinal provided "no credible evidence indicating that the EEOC failed to conciliate." *EEOC v. MJC, Inc.*, 306 F. Supp. 3d 1204, 1212 (D. Haw. 2018).

addition of individuals with post-LOD claims to the class. Allowing the EEOC to add claimants to a class after the LOD is consistent with the EEOC's special enforcement authority. *Geo Group*, 816 F.3d. at 1200. The EEOC is not a proxy for the employees for whom it seeks relief, and its claims are not derivative of those employees' claims. *Waffle House*, 534 U.S. at 297-98. Nor is the EEOC subject to Fed. R. Civ. P. 23; the EEOC may seek relief for class members without seeking class certification and whether or not they filed a charge or were named in the Complaint as long as those class members were subjected to similar discriminatory conduct between the start of the limitations period and the present. *Geo Grp., Inc.*, 816 F.3d at 1204; *Gen. Tel. Co.*, 446 U.S. at 331. The Commission seeks to "vindicate a public interest, not simply provide make-whole relief for the employee, even when it pursues entirely victim-specific relief," and "[t]o hold otherwise would undermine the detailed enforcement scheme created by Congress." *Waffle House*, 534 U.S. at 296. "If the EEOC [was] required to pursue individual conciliation on behalf of every aggrieved employee, [it] would be effectively barred from seeking relief on behalf of any unnamed class members they had yet to identify when they filed their suit." *Geo Group*, 816 F.3d at 1200. It would be "illogical to limit [the EEOC's] ability to seek classwide relief to something narrower than the abilities of private litigants." *Id*.

**D. Defendant's Position Borders on Frivolous and Should be Denied.**

Cardinal erroneously asserts that its arguments were recently "affirmed" by the Supreme Court in *CRST Van Expedited, Inc. v. EEOC*, 136 S.Ct. 1642 (2016), flouts and ignores the existence of *Mach Mining*, and provides no support for its argument that the Eighth Circuit's *CRST* case, not the Ninth Circuit's *Geo Group* case, controls here. (Dkt No. 75 at *6). This is patently incorrect. In the *CRST* ruling Defendant cites, the Supreme Court granted *certiorari* on the issue of when a defendant is considered a prevailing party, and did not affirm or implicitly approve of the lower court decision involving the EEOC's investigation that

Defendant incorrectly attributes to the Supreme Court. *Id.* The Supreme Court did not endorse or express any opinion as to the district court's determination (made in 2009, pre-*Mach Mining*) that that suit was "one of those exceptionally rare" cases where the Commission failed to investigate and conciliate. *CRST*, 136 S. Ct. at 1649 (citation omitted). Hence, the best Defendant can muster is that "the Supreme Court left undisturbed the lower court's determination." (Dkt. 74 at 5)[4]. It is axiomatic that this is not a holding or legal precedent. The Supreme Court specifically declined to "adjudicate" this question. *CRST*, 136 S. Ct. at 1653. Defendant also misrepresents that the Supreme Court ruling in *CRST* affirmed the decision in *EEOC v. Dillard's Inc.*, 2011 U.S. Dist. LEXIS 76206, at *6 (S.D. Cal. July 14, 2011). The *Dillard's* decision is unpublished and predates *Mach Mining*, as discussed below, and it was not "affirmed" in *CRST* or otherwise. Rather, *Mach Mining* set forth the standard in 2015, after *Dillard's*.

  The district court's 2009 decision in *CRST* and the Eighth Circuit's 2012 decision in *CRST*[5] pre-date *Mach Mining*. For this reason alone, any reliance upon the *CRST* decisions is dubious. *United Parcel Serv.*, 2017 WL 9482105, at *7 (questioning whether *CRST*, 679 F.3d 657, "is still good law in light of *Mach Mining*"). To the tenuous extent that it is still good law, the *United Parcel Serv.* court readily distinguished *CRST* on the ground that the *CRST* case "was filed on behalf of a single individual, not a nationwide class as in this action." 2017 WL 9482105, at *7. The same is true here because, unlike in *CRST*, Cardinal was on notice of the class in Sims' charge in 2017, in the LODs in 2018, and when <u>filed, as a class case</u>, and the EEOC satisfied its pre-suit requirements under the *Mach Mining* standard. Most importantly, <u>in the Ninth Circuit</u> (and other circuits), the

---

[4] Because the Supreme Court did not take up the issue, Defendant advances <u>its own</u> interpretation, but it lacks support and violates *Mach Mining*. (Dkt. 74 at 5).
[5] *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2012).

rule is that the EEOC is not required to "identify and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing a lawsuit seeking recovery on behalf of a class." *Geo Grp.,* 816 F.3d at 1200-01.[6]

Cardinal also misstates the analysis and import of the unpublished decision in *EEOC v. Sensient Dehydrated Flavors Co.*, 2016 WL 4399367, at *6-7 (E.D. Cal. Aug. 17, 2016). At issue in *Sensient* were the Commission's discovery requests in an ADA case, which the court deemed to seek "information unrelated to the charges that would have been conciliated." *Id*. On the facts in that case, the court denied the Commission's motion to compel and did not undermine *Mach Mining* or *Geo Group*, or limit the temporal scope of the case. *See id*. The other cases cited by Cardinal – *Dillard's*, 2011 WL 2784516, at *7 and *EEOC v. Am. Sam. Gov't*, 2012 WL 4758115 – pre-date *Mach Mining*. Unlike the present case, which is focused on Cardinal's Ontario facility and employees only, in *Dillard's* the district court was concerned that the employer had not been put on notice that the case would entail a nationwide class in contrast to the investigation, which included only "current and former employees of the El Centro store." *Id.* at *8. The court imposed no temporal restrictions. *Id*. Likewise, in *Am. Sam. Gov't*, the district court was concerned the employer had not been put sufficiently on notice that the case would entail class members in the entire American Samoa Government based on an investigation of its Department of Human Resources. Here, the Commission is not seeking discovery of claimants beyond the Ontario location. The sentence in *Dillard*'s stating that the Commission must "discover such individuals and wrongdoing" during its investigation (Dkt. No. 74 at 4) is not an accurate recitation of current law in light of *Mach Mining*. *Geo. Group,* 816 F.3d at 1200; *Bay Club,* 2020 WL 4336297, at *4 (rejecting reliance on *Dillard's*).

---

[6] In vacating the lower court decision, the Ninth Circuit explained that the district court had relied on *CRST*, 679 F.3d 657, which was decided in 2012 before *Mach Mining*. *Geo Grp.,* 816 F.3d at 1200, n.5.

### E. The Court's Order Did Not Limit the Scope of the Remaining Claims.

The Court's Order partially granting Cardinal's Motion to Dismiss is not relevant to the issue presently before the Court as it did not narrow or limit the scope of the existing claims against Cardinal. (Dkt. 46). The LODs are not limited in temporal scope, and the Complaint expressly states that Cardinal's discriminatory practices have been ongoing since at least 2016. (Dkt. 1, ¶ 28).

Defendant's argument vaguely asserts that the "same analysis should be applied when determining the scope of discovery in the instant action." (Dkt. 74 at 8). To the extent that Cardinal insinuates that the claims of the Black class members identified after the lawsuit was filed are not "like or reasonably related" to the claims in the charges, this is a non-starter. Cardinal "does not even suggest, much less explain, how the claims of the additional claimants differ from the claims of the charging parties." *United Parcel Serv.,* 2017 WL 9482105, at *9. There is no requirement that the discriminatory actions for all class members had to occur during the same "time period in late 2016 and early 2017," as Sims experienced and as explained in her charge.[7] Rather, the EEOC may seek relief for individuals not identified during conciliation "provided that they are similarly situated to the named employees and the employer was on notice during conciliation of the potential of a class-based claim." *EEOC v. Luihn Food Sys., Inc.*, 2011 WL 474896, *5 (E.D.N.C. Sept. 20, 2011) (collecting cases). Cardinal has not attempted to argue that Black class members identified after the lawsuit was filed are somehow dissimilar to the Black Charging Parties Sims and Henry, or to class members previously identified. Nor has Cardinal argued it was not on notice of class claims. In summary, the Court should deny Cardinal's request to limit the scope of the case and discovery.

---

[7] This is a class case, not an individual case as in *Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989), cited by Defendant.

-10-

Dated: October 27, 2020         Respectfully Submitted,

                                      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                      By: */s/ Natalie Nardecchia*
                                            Natalie Nardecchia
                                            Attorney for Plaintiff U.S. EEOC