David K. Montgomery (SBN 120066)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, Ohio 45202
David.montgomery@jacksonlewis.com
Telephone: (513) 898-0050
Facsimile: (513) 898-0051

Attorney for Defendant
CARDINAL HEALTH 200, LLC
d/b/a CARDINAL HEALTH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.: 5:19-cv-00941-CBM-SHK<br><br>**DEFENDANT CARDINAL HEALTH 200, LLC'S REPLY BRIEF IN SUPPORT OF ITS MEMORANDUM OF POINTS AND AUTHORITY CONCERNING THE TEMPORAL SCOPE OF DISCOVERY** |

The EEOC's opposition relies on authority which is irrelevant to the discovery dispute at issue: Can the EEOC use discovery to try to find claims and claimants that did not exist at the time the EEOC closed its administrative investigation and issued its Letters of Determination ("LOD")? Based on the Supreme Court's opinion in *CRST,* the answer is no. The cases cited by the EEOC do not alter this conclusion. The temporal scope of discovery should be limited to April 2, 2016 to June 4, 2018.

**A**.   *Mach Mining* **Reinforces the EEOC's Pre-Suit Requirements**.

The EEOC's significant reliance on the Supreme Court's decision in *Mach Mining,*

1

**REPLY BRIEF OF DEFENDANT CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH**

*LLC* is misplaced. It does not support the EEOC's request for expansive discovery in this case. The question at issue in *Mach Mining* was "whether and how courts may review" the EEOC's pre-suit conciliation efforts. 575 U.S. 480, 483 (2015). The Supreme Court rejected the EEOC's argument that its conciliation efforts were not subject to any judicial review. *Id.* at 488 ("Absent such review, the [EEOC's] compliance with the law would rest in [it's] hands alone."). In doing so, the Court reinforced the federal policy underlying Title VII's mandatory pre-suit conciliation requirement. *Id.* at 486-487 (noting that the statutory language on conciliation is "mandatory, not precatory" and "the duty it imposes serves as a necessary precondition to filing a lawsuit."). Ultimately, the Court held that to satisfy its pre-suit conciliation requirement, the EEOC must give notice to the employer that "properly describes both what the employer *has done* [past tense] and which employees (or what class of employees) *have suffered* [paste tense] as a result" and then "engage the employer in some form of discussion . . ., so as to give the employer an opportunity to remedy the allegedly discriminatory practice." *Id.* at 494 (emphasis added). Far from supporting the EEOC's position here, *Mach Mining* undermines it: The EEOC cannot possibly meet the *Mach Mining* standard as to any hypothetical, post-LOD claims because Cardinal Health *had not done* any harm and none of those individuals *had suffered* at the time the EEOC closed its investigation, issued its LODs, and attempted to conciliate. Because the EEOC cannot seek relief for any such hypothetical claims or claimants, they are outside the scope of discovery.

The fallacy of the EEOC's position is further exposed by considering what would

have happened if the parties' 2018 conciliation efforts *had been successful*. The EEOC could not have secured monetary relief on behalf of any not-yet-existing claimants, nor could Cardinal Health have obtained valid waivers of their hypothetical, prospective claims. The EEOC certainly would take the position that a conciliation agreement would not limit its ability to investigate and seek relief on behalf of individuals who later alleged post-conciliation harm. Since any agreement reached through conciliation would have no legal impact on a hypothetical future claimant, the EEOC cannot legitimately contend that the process satisfied its pre-suit conciliation obligations as to any such individuals.

### B.   The Supreme Court's Decision in *CRST* Is Controlling And Definitively Rejects The Fishing Expedition In Which The EEOC Seeks To Engage.

Although dismissively referred to as merely an "attorney's fees" case by the EEOC, the Supreme Court's 2016 decision in *CRST* is controlling with respect to the discovery dispute at issue here. As described more thoroughly in Cardinal Health's opening brief, the Eighth Circuit affirmed the dismissal of the claims of 67 women on whose behalf the EEOC sought relief because the EEOC failed to satisfy its pre-suit obligations as to those claims, but denied CRST's request for attorneys' fees because these dismissals were not "on the merits." The Supreme Court reversed the Eighth Circuit's holding as to the latter issue, holding that CRST could be considered the prevailing party even if the dismissal was not on the merits, and leaving intact the Eighth Circuit's underlying dismissal of the claims. In its opinion, the Supreme Court repeatedly recognized that the underlying dismissal upon which the fee award depended was based on the EEOC's "failure to investigate and conciliate." *See id.* at 1650-51. Although the Court did not explicitly opine on the grounds

3
**REPLY BRIEF OF DEFENDANT CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH**

for dismissal, in recognizing CRST as a "prevailing party" eligible to recover its attorneys' fees, it affirmed those grounds by necessary implication. In other words, if the Court did not ratify the underlying reason for the dismissal (upon which the fee award hinged), the question of whether CRST was the prevailing party for purposes of recovering attorneys' fees would have been moot. In declaring CRST the winner, the Supreme Court necessarily foreclosed the path to the perpetual discovery that it seeks in this case.[1]

The EEOC's reliance on the Ninth Circuit's pre-*CRST* decision in *Geo Group* is similarly unavailing. *Geo Group* said nothing about the appropriate scope of discovery, nor did it authorize the EEOC to engage in a fishing expedition for hypothetical claims that did not exist at the time the EEOC issued its determination. Regardless, in light of the Supreme Court's subsequent decision in *CRST, Geo Group* is insufficient authority upon which to base the expansive fishing expedition sought by the EEOC.

### C. The EEOC's Position Is Not Supported By The Facts Or The Law.

Finally, the EEOC's contention that it is entitled to the perpetual discovery that it seeks because the alleged harassment is "ongoing" is not supported by its own investigation, much less the law upon which it purports to rely. Initially, the EEOC's LODs speak only in past tense, and do not describe any allegedly-ongoing harassment. (*See* ECF 18-3, pp. 1-4 (notifying Cardinal Health that it found reasonable cause to believe that

---

[1] While the EEOC argues that *CRST* is incongruent with *Mach Mining*, the opposite is true: Both opinions stand in harmony in emphasizing the significance of the EEOC's mandatory pre-suit requirements of investigation, reasonable cause determination, and conciliation.

Cardinal Health had "subjected" Charging Parties to a hostile work environment).)

Furthermore, the cases cited by the EEOC in its Brief do not support its request for perpetual discovery. For example, while the EEOC cites the Ninth Circuit's decision in *EEOC v. Global Horizons, Inc.* in support of its argument, the question actually before the court in *Global Horizons* was whether two of the defendants could be considered joint employers under Title VII. The Ninth Circuit did not decide the appropriate scope of discovery in harassment claims, or any other issue relevant to the parties' current dispute. Likewise, the EEOC cites an Arizona district court case, *EEOC v. Creative Networks, LLC,* as support for the argument that its request for injunctive relief entitles it to the discovery that it seeks. The district court in *Creative Networks* denied the employer's summary judgment motion on the EEOC's request for injunctive relief, holding that a decision on injunctive relief was premature where a judgment had not yet been rendered on the underling claim. The court also rejected the employer's argument that the EEOC could not recover injunctive relief where it was not seeking monetary relief for class members. 912 F. Supp.2d 828 (D. Az. 2012). It had nothing to do with the scope of discovery.

To state the obvious, the EEOC cannot have met its pre-suit obligations of notice, investigation, reasonable cause determination, and conciliation as to claims or events that had not yet occurred or claimants that did not yet exist at the time the EEOC issued its LODs. And yet, the EEOC makes no effort to conceal the fact that its request for post-LOD discovery is motivated by its desire to uncover such hypothetical claims. Cardinal Health's request to limit the scope of permissible discovery should be granted.

Date: November 2, 2020

                          JACKSON LEWIS P.C.

By:  */s/ David K. Montgomery*
     David K. Montgomery
     JACKSON LEWIS P.C.
     PNC Center, 26th Floor
     201 E. Fifth Street
     Cincinnati, Ohio 45202
     David.montgomery@jacksonlewis.com
     Telephone: (513) 898-0050
     Facsimile: (513) 898-0051

     Attorney for Defendant
     Cardinal Health 200, LLC

     d/b/a Cardinal Health

**REPLY BRIEF OF DEFENDANT CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this date with a copy of the foregoing document via the court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

I declare under penalty of perjury under the laws of the United States that I am a member of the bar of this court.

Executed on November 2, 2020, at Cincinnati, Ohio.

| | |
|---|---|
| David K. Montgomery | */s/ David K. Montgomery* |
| Type or Print Name | Signature |

4816-7595-7968, v. 1

4816-7595-7968, v. 1