Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Andrea E. Ringer, SBN 307315
Lorena Garcia-Bautista, SBN 234091
Taylor Markey, SBN 319557
Ella Hushagen, SBN 297990
Natalie Nardeccia, SBN 246486
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.:  5:19-cv-00941-CBM-SHKx<br><br><br>**CONSENT DECREE RE: DEFENDANT HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES;**<br>**ORDER  [88]** |

**CONSENT DECREE: APPLEONE**

# I.

## INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Howroyd-Wright Employment Agency, Inc., d/b/a AppleOne Employment Services ("Defendant" or "AppleOne") (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant AppleOne in *U.S. Equal Employment Opportunity Commission v. Defendant Howroyd-Wright Employment Agency, Inc., d/b/a AppleOne Employment Services and Cardinal Health 200 LLC, d/b/a Cardinal Health*; Case No. 5:19-cv-00941-CBM-SHK (the "Action"). On May 21, 2019, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Action alleged that Defendant AppleOne and Defendant Cardinal Health 200 LLC, d/b/a Cardinal Health ("Defendant Cardinal Health") (collectively, "Defendants") subjected Charging Parties Lisa Henry and Sequia Sims ("Charging Parties") and a class of similarly situated Black employees to discrimination based on race, constructive discharge and/or retaliation. Defendant AppleOne denies the allegations of the Complaint and does not constitute an admission of liability.

## II.

## PURPOSES AND SCOPE OF THE CONSENT DECREE

The Parties agree that this Action should be fully and completely resolved by entry of this Decree. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as Defendant's officers, directors, successors, agents, and assigns. The scope of this Decree is limited to California, except where otherwise noted.   The Parties have entered into this Decree for the following purposes:

A.     To provide appropriate relief;

B.     To ensure Defendant's employment practices comply with Title VII;

C.      For Defendant to maintain and/or establish policies notifying requiring its clients to provide work environment free from race discrimination and retaliation;

D.      To confirm and ensure that Defendant's policies, procedures, and practices are established to prevent and/or correct race discrimination and retaliation;

E.      To confirm and ensure effective training for Defendant's regular and temporary employees, managers, supervisors, human resources personnel as well as its officers with respect to the pertinent laws regarding racial harassment, discrimination, and retaliation;

F.      To confirm and ensure an appropriate and effective mechanism for handling complaints of racial harassment, discrimination, and retaliation;

G.      To confirm and ensure provide appropriate recording keeping, reporting, and monitoring regarding complaints of racial harassment, discrimination, and retaliation received and investigations conducted; and

H.      To avoid the expense and uncertainty for all parties of further litigation.

### III.

### RELEASE OF CLAIMS

A.      This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendants in this Action, including EEOC Charge Nos. 480-2017-01094; 480-2017-01096; 480-2017-03043; 480-2017-03045 and all claims and allegations raised by Charging Parties in the settlement in this Action.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may arise from events occurring after the date of the decree or from events that may have occurred prior to the date of this decree and of which is not resolved by this Action in accordance with standard EEOC procedures.

## IV.

### JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief which could include the relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair and reasonable.

C.    This Decree conforms with the Federal Rules of Civil Procedure and the Title VII and is not in derogation of the rights or privileges of any person.

D.    The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

### EFFECTIVE DATE AND DURATION OF DECREE

A.    The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.    Except as otherwise provided herein, this Decree shall remain in effect for two years after the Effective Date.

## VI.

### MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A. <u>EEOC Review Regarding Compliance</u>

The EEOC may review Defendant's compliance with any provision of this Decree. Nothing in this Decree precludes the EEOC from reviewing documents received by the Monitor to determine compliance. The EEOC may request from the Claims Administrator a copy of any document received or created by the Claims Administrator as a result of the Claims Administrator's duties as described in this Decree. The EEOC may request that Defendant permit the EEOC to interview employees, including those selected by the EEOC, or inspect Defendant's records reasonably related to compliance issues with this Decree identified by the Monitor. Defendant will comply with any such request to review, interview, or inspect within sixty (60) days of the EEOC's request related to the compliance issues raised by the Monitor unless otherwise agreed and Defendant will endeavor to provide records within forty-five (45) days.

B. <u>Non-Compliance</u>

1. The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. EEOC will notify Defendant and their legal counsel of record, in writing, of the nature of the alleged non-compliance prior to initiating an enforcement action. This notice shall specify the particular provision(s) that the EEOC believes Defendant has violated or breached. Defendant shall have thirty (30) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

2. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

3.     After thirty (30) days have passed, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

## VIII.

## MONETARY RELIEF

A.     No monetary relief will be paid by AppleOne.  The monetary settlement of this lawsuit is resolved through a parallel Consent Decree entered into between EEOC and Cardinal Health.  Cardinal Health shall pay a total gross sum of $1,450,000.00 in monetary relief ("Class Fund") to which the EEOC will have sole discretion on the allocation. This Decree is not dependent upon settlement between Cardinal Health and EEOC or its execution of a Consent Decree.

B.     Within thirty (30) days of the Effective Date, Defendant AppleOne shall forward electronically to the Claims Administrator and the Monitor a list of all AppleOne employees that worked at Defendant Cardinal Health's distribution center located at 4551 E. Philadelphia Street, Ontario, California ("Ontario site") from January 1, 2016 to the Effective Date ("List of Potential Claimants").  The List of Potential Claimants shall include the name, race identification (if known), last known mailing addresses, phone numbers, cell numbers, email addresses, and any forwarding employment information in its possession, custody or control.

## IX.

## CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.     Employment Records the EEOC will provide a list of Claimants whose employment files should have removed reference, if any, to adverse employment actions, as provided below.  Within ten (10) business days of receipt of the list, Defendant shall, if applicable:

1.    remove from its employment any records, of negative performance actions including discipline and terminations that the EEOC reasonably believes are related to the allegations in this Action;

2.    remove from its employment files reference, if any, to Claimants' participation in this Action;

3.    to the extent that Defendant must keep records of this Action in order to effectuate this Decree, such records shall be maintained separately from Defendant's employment records;

4.    provided that request for employment references are directed by a Claimant to Defendant's Debbie Guzman, Vice President of Human Resources, at 818-240-8688, ext. 995013 or Jan Sizer, Sr. Manager, at 818-240-8688, ext. 995011, in the human resources department representative, Defendant shall provide a neutral employment reference, limited to verifying whether a Claimant was employed by Defendants, the last position in which the Claimant was employed, the duration of employment with Defendants and, if requested, last rate of compensation; and

5.    to the extent that a Claimant continues to work for Defendant, ensure that the Claimant does not suffer racial discrimination, harassment, or retaliation of any kind by AppleOne employees.

6.    The Parties will in good faith attempt to resolve any disputes that may arise.

B.    <u>Employment Eligibility</u>

1.    Within thirty (30) days of the Effective Date, Defendant will be provided a list of Claimants who may be interested in returning to work for Defendant ("Eligible Claimants") and the geographic area for which they seek employment.   Within sixty (60) days of receipt of the list of Eligible Claimants, Defendant shall ensure that their files are active and they are included in the pool of available applicants for temporary placement and employment assignments.  Defendants shall make efforts to place individuals with clients into jobs positions based upon the Eligible Claimant's

qualifications and availability.   Nothing in this section requires the Defendant provide a priority to Claimants over other applicants or to attempt to place an individual who may otherwise not be eligible for placement. Defendant will not discriminate or retaliate against Claimants who apply for employment or re-employment with Defendant in the future.  Any and all employment decisions by Defendant with respect to such Claimants will be based on legitimate, non-discriminatory and non-retaliatory business factors including availability of open positions, skills and qualifications.  Other than disqualifying reasons, each Eligible Claimant shall remain eligible for rehire and placement.  Claimants shall be required to comply with Defendant's requirements that applies to all employees seeking placement that they communicate regularly with Defendants regarding their availability and interest in receiving a temporary assignment. Claimants will be held to the same standard as any other employee seeking employment or placement.

> 2.   Defendant shall prepare a report on a semiannual basis to the EEOC of placements of the Eligible Claimants. The report shall include for each Eligible Claimant, (a) whether a Claimant's name was submitted, and (b) whether an offer for a temporary assignment was extended, including the type of assignment and rate of pay and whether or not Claimant accepted the assignment.  The Parties will work together to resolve any issues that may arise in good faith before invoking the dispute resolution section in this Decree.

# X.

# GENERAL INJUNCTIVE RELIEF

A.   Anti-Discrimination

During the term of this Decree, Defendant AppleOne, its officers,  management (including all supervisory), human resources personnel, successors, agents, assigns, are hereby enjoined from: (a) engaging in harassment of any person(s) on the basis of his/her race; (b) engaging in or being a party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of any employee's race; and/or (c)

creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of race.

B.    Anti-Retaliation

During the term of this Decree, Defendant AppleOne, its officers, agents, management (including all supervisory employees), successors, assigns, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee (including temporary employees) or applicant of Defendant to retaliation, because he or she has in the past, or during the term of this Decree:

1.    Opposed any practice made unlawful under Title VII;

2.    Filed a charge of discrimination alleging such practice;

3.    Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.    Was identified as a Potential Claimant in this Action;

5.    Asserted any right under this Decree; or

6.    Sought and/or received any relief in accordance with this Decree.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Monitoring

Within thirty (30) days after the Effective Date, Defendant AppleOne shall identify a third-party Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the areas of preventing and combatting racial discrimination and harassment. Defendant shall retain the Monitor within ten (10) days of the EEOC's approval, which will not unreasonably be withheld.  The Monitor shall have access to documents and employees of AppleOne to carry out his/her duties. Defendant AppleOne shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties. The EEOC may require that the Monitor be replaced if the Monitor fails to carry out its duties under this Decree objectively and in good faith.

The Monitor's responsibilities shall include:

1. Evaluating AppleOne's current procedures for receiving, tracking, investigating and addressing complaints of rase-based harassment, discrimination, or retaliation, and working with AppleOne to reasonably modify or improve such procedures to ensure compliance with Title VII.

2. Reviewing Defendant's current training regarding race-based discrimination, harassment, and retaliation and working with Defendant to reasonably modify or improve training compliant to ensure compliance with applicable California and federal law;

3. Review current procedures and otherwise assist AppleOne to develop proper mechanisms for handling and tracking race harassment, discrimination, and/or race-based retaliation complaints received from temporary employees on assignment at with clients;

4. Evaluating and providing feedback on AppleOne's current policies and procedures regarding investigations of race-based harassment, discrimination, and/or retaliation complaints to ensure that Defendant AppleOne properly responds to complaints and conducts a prompt, thorough and impartial investigation in coordination with AppleOne's client, if applicable;

5. Confirm that AppleOne's procedures reasonably ensure that Claimants that seek re-employment with AppleOne are treated equally with other applicants and are not subjected to retaliation by virtue of their participation in these proceedings;

6. Preparing reports to the EEOC on Defendant AppleOne's progress and compliance under this Decree with this process of policy and procedure review and reasonable modifications thereto to ensure compliance with applicable California state and federal law; and

7.     Otherwise reasonably ensuring Defendant AppleOne's policies and procedures are in compliance with this Decree and Title VII regarding race-based discrimination, harassment or retaliation.

B.     Compliance Reviews

1.     For the State of California, the Monitor will conduct an annual review of race discrimination, harassment, and/or retaliation complaints received by AppleOne. This audit will include the review of the Complaint Log, any calls received through the hotline related to, review of investigations, and interview employees the Monitor reasonably believes may be necessary to conduct its review. For the State of California, the Defendant will provide on a semiannual basis from the Effective Date all complaint logs, calls received through the hotline, any investigations into complaints of racial discrimination, harassment, and/or retaliation, and/or any other information necessary to assess whether complaints of race-based harassment, discrimination, and/or retaliation are properly handled in compliance with Title VII.

2.     The Monitor shall share the results of the compliance review with AppleOne and the EEOC and recommendations for remedying the identified issues.  If AppleOne disputes any of the results or recommendations, the Parties and the Monitor will work together to resolve any issues that may arise in good faith before invoking the dispute resolution section in this Decree.

C.     Policies and Procedures

1.     *Scope*.  Defendant AppleOne shall implement the policies set out in Section XI.C.3 and XI.D to apply to all employees companywide.

2.     *Policies and Procedures*

Within sixty (60) days of the Effective Date, or such other date as recommended by the Monitor working with AppleOne as provided in Section XI.A above, Defendant shall provide its policies and procedures regarding race-based discrimination, harassment or retaliation (the "Policies and Procedures") to EEOC for review as set forth below.

The Policies and Procedures shall be written in a clear, easy to understand style and format, that Defendant AppleOne's direct and temporary employees commonly used by such employees in the course and scope of their employment, be written at a middle-school reading level, and printed in legible font size of no less than **12-pt font**.

At all times, the Policies and Procedures shall, at a minimum, include:

(a) a strong and clear commitment to a workplace free of race discrimination, harassment and retaliation;

(b) a clear and concise description of race harassment, race discrimination and retaliation as defined under Title VII with examples of prohibited conduct, including conduct, to be reasonably agreed upon with the Monitor, which, if left unchecked, may rise to the level of unlawful racial harassment or discrimination;

(c) contain statements assuring that Defendant AppleOne shall hold all employees, including managers, recruiters, and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree regarding race discrimination, harassment, retaliation, and for failing to take prompt appropriate action upon receiving information regarding race discrimination, harassment, or retaliation in the workplace, and a description of the consequences for those that fail to adhere to reporting steps;

(d) contain statements assuring that persons who complain about race discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation;

(e) contain statements assuring that AppleOne will document and investigate any and all information received regarding conduct that may constitute race discrimination, harassment or retaliation, regardless of whether a written statement is provided by the complainant;

(f) contain a statement that the revised Policies and Procedures apply to all persons, including managers, supervisors, recruiters, and employees, and will be provided to AppleOne's clients; and

(g) provide for an Internal Complaint Procedure, as described in Section XI.D.

EEOC may provide feedback with-in thirty (30) days of receipt of AppleOne's Policies and Procedures as provided above, and shall provide any comments or requested changes to the policies and procedures.

### 3. *Distribution of Revised Policies and Procedures*

Within thirty (30) days of Monitor's final review of the Polices and Procedures, Defendant AppleOne shall distribute its Policies and Procedures to all employees, providing copies to each current employee by sending an electronic copy to their personal email address last provided to AppleOne. Defendant AppleOne shall distribute its revised Policies and Procedures to all employees in a language(s) commonly used while on assignment in the course and scope of their employment. For temporary and permanent employees hired after the Effective Date, Defendant AppleOne shall send an electronic copy of the revised Policies and Procedures to their personal email address within five (5) business days of their placement on their first assignment with a client or other means to ensure that all employees receive a copy of the Policies and Procedures if employees notify AppleOne that they do not have an active email address. The Policies and Procedures, if revised, shall be disseminated via electronic mail on an annual basis. Defendant AppleOne shall also provide an electronic copy of its revised Policies and Procedures prohibiting race-based discrimination, harassment and retaliation and procedures applicable to clients, current and future, of AppleOne. On an annual basis throughout the term of the Decree, Defendant AppleOne shall provide to EEOC a statement confirming distribution of the revised Policies and Procedures to all employees and clients in accordance with the foregoing procedures.

### D. Internal Complaint Procedure

The Policies and Procedures shall contain an internal Complaint Procedure which shall be written in the language(s) commonly used by the temporary and permanent

employees while on temporary assignment in the course and scope of their employment and shall incorporate the following elements:

1. A clearly described process for submitting complaints of racial harassment or discrimination that provide avenues for employees to lodge complaints of racial harassment, discrimination, or retaliation verbally or in writing, including (a) a direct toll-free phone number and email address for Defendant AppleOne's Human Resources Department ; (b) a toll-free complaint hotline that Defendant AppleOne will track; and (c) a requirement that any AppleOne recruiter, manager, or Human Resources representative who is informed of a complaint about race based discrimination, harassment or retaliation, will document the complaint received and direct the employee to HR to make the employee's complaint and will also notify HR within one business day of the complaint received;

2. A clearly described process for a prompt, thorough, and impartial investigation of all complaints of racial discrimination, harassment or retaliation by Defendant AppleOne's designated employee to respond to complaints including (a) interviewing all relevant and identified witnesses, including the complainant and employees of Defendant AppleOne; (b) notifying the client, and requesting information from the client to assist in its investigation; (c) review of all relevant evidence; (d) creation of written investigative reports that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence;

3. Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant and investigation shall be kept confidential to the fullest extent possible, including the sharing of information regarding the identity of the complainant and the specific allegations and claims where reasonably necessary to performance of an investigation provided, however, that information about the specifics of the complaint and complainant may be reasonably disclosed as reasonably necessary in the investigation;

4.  Tracking and collection of all complaints of racial discrimination, harassment, and retaliation in the Complaint Log;

5.  Resolution of all complaints of racial discrimination, harassment, and retaliation, by Defendant AppleOne, in a timely and effective manner with an objective of resolution within ninety (90) days. AppleOne can work with the Monitor to determine appropriate timeframes for investigations if longer than ninety (90) days;

6.  Defendant will suggest and request to coordinate investigation(s) with a client should it involve an AppleOne employee and be directed to the client or events within the client's workplace.

7.  A clear explanation of Defendant AppleOne's duty to conduct a follow-up communication with the employee to evaluate the continued effectiveness of any step taken by Defendant AppleOne to remedy any racial harassment or discrimination;

8.  A requirement that Human Resources document and report any and all observations or complaints of potential racial harassment, discrimination, or retaliation received by HR and attempt to contact any complainant who left a complaint with HR within one business day of the complaint being received.  Investigations will be handled by designated employees in Human Resources;

9.  An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of racial discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of racial discrimination. The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

10.  Publication of the EEOC complaint line of (800)669-4000 in the Employee Handbook and on the intranet.

AppleOne shall provide the Monitor a report of Defendant AppleOne's application of the internal complaint procedure to complaints received regarding race harassment,

discrimination or retaliation, the investigation and disposition of such complaints in a semi-annual report.

    E.    <u>Training</u>

        1.    *Scope of Training Requirements*.

Unless otherwise noted, with the input of the Monitor during the Monitor's initial review of the policies and procedures, and where needed in addition to current training, Defendant AppleOne shall implement the training regimen set out in Section XI.E with respect to all employees, whether working directly for Defendant AppleOne or placed with a client.

        2.    *All Trainings*.

            a.    All trainings described below shall be mandatory for the duration of the Decree. All employees shall confirm their attendance in writing or electronically and Defendant AppleOne shall maintain records of such training for the duration of the Decree.

            b.    All trainings provided to permanent employees of AppleOne pursuant to this Decree shall be live, in-person or on-line and shall include interactive participation, unless otherwise indicated. All trainings provided to temporary employees placed to work for a client shall be conducted live or via internet access to a video recording of training provided by a trainer. Defendant AppleOne shall work with the Monitor to review existing training curriculum and develop additions or revisions thereto if reasonably necessary. Examples shall be given of prohibited conduct. Defendant AppleOne shall allot time for permanent employees to ask questions regarding the training and shall provide a contact phone number for temporaries to call and ask questions regarding the training. All trainings and training materials shall be provided in a language commonly used by Defendant's employees in the course and scope of their employment.

            c.    Defendant AppleOne shall begin each training with a short video from a senior executive emphasizing that harassment prevention, civility, and

maintaining a respectful workplace are high priorities for Defendant AppleOne, and that the training is an important component of Defendant AppleOne's strategy for harassment prevention. The message shall include a commitment towards accountability to and safety of its workforce. The message shall be provided in a language commonly used by Defendant AppleOne's employees in the course and scope of their employment.

        d.     Within thirty (30) days selection and approval of the Monitor, or such other time as reasonably agreed upon with the monitor, Defendant AppleOne shall work with the Monitor to identify and confirm the qualifications of the live trainer, where applicable, and to ensure the trainings are effective and also provide the training materials, and an outline of the training curriculum. The trainer, if applicable, must speak fluently a language that commonly used by Defendant AppleOne's employees in the course and scope of their employment. Upon receipt, the Monitor may provide comment within thirty (30) days regarding any requested revisions to the training.

        e.     AppleOne will work with Monitor to ensure that the training is conducted.

        f.     Defendant AppleOne shall give the Monitor a minimum of fourteen (14) days advance written notice of the date, time and location of each regularly scheduled live training provided pursuant to this Decree. With five (5) days advanced written notice to AppleOne, an Monitor may attend any such training upon request by the EEOC.

### 3. *New Employees Training*

Defendant AppleOne shall work with the Monitor to ensure that training shall be provided to new employees which training shall also include the following information: (a) Identify the prohibited conduct for race based discrimination, harassment and retaliation; (b) affirm that Defendant takes seriously all allegations of race based discrimination, harassment and retaliation and encourages employees to report the conduct by contacting the toll-free Hotline, raising complaints to AppleOne, or the client if they become aware of race based discriminatory, harassing and/or retaliatory conduct;

and (c) Review defendant's anti racial discrimination, harassment, and retaliation policies and procedures.

### 4. *Compliance Training for a Non-Management Employees*

All permanent and temporary employees shall be required to attend a Compliance Training lasting at least one (1) hour in duration. AppleOne will schedule the trainings to track requirements under California law to avoid duplication.

The training under this section shall cover:

(a) the role and purpose of Title VII, including what constitutes unlawful race discrimination, a hostile work environment based on race, and retaliation;

(b) the rights and responsibilities under Title VII and this Decree of temporary and permanent employees, staffing agencies, and employers if they experience, observe, or become aware of conduct that they believe may be racially harassing, discriminatory, or retaliatory;

(c) preventing and reporting racial discrimination, harassment, and retaliation, and having respect for diversity in the workplace including a discussion of appropriate and inappropriate language as it relates to race; and

(d) Defendant AppleOne's revised Policies and Procedures as outlined in Section XI.C and the Internal Complaint Procedure in Section XI.D.

The training shall emphasize Defendant AppleOne's commitment to ensuring a workplace free of racial discrimination, harassment or discrimination and encourage employees that experience or witness discriminatory, harassing and/or retaliatory conduct to report it. The training shall also emphasize the consequences for employees that engage in prohibited conduct and for all employees, including managers, recruiters, and human resources employees that fail to notify Defendant AppleOne's Human Resources Department and the Human Resources Department or representative of the client upon becoming aware of conduct that may be discriminatory, harassing or retaliatory.

As part of the training, Defendant AppleOne shall provide direct contact information for Defendant AppleOne's Human Resources Department

5.    *Management and Human Resources Training*

All managers, account representatives, recruiters, human resources employees, and other personnel that recruit, hire, or place employees and/or to that may receive and/or respond to complaints of racial discrimination or harassment shall attend a Management and Human Resources Training of at least two (2) hours duration that includes role playing and emphasizes accountability of staffing agencies. AppleOne will schedule the trainings to track requirements under California law to avoid duplication. The trainings shall be live, in-person, via videoconference or via internet. AppleOne will work with the Monitor to ensure the training covers the following topics:

a.    The nature of conduct prohibited under Title VII regarding race discrimination, harassment, and retaliation;

b.    Examples of comments and conduct that alone or together may rise to the level of unlawful race discrimination (including discharge and terms and conditions of employment), harassment (including examples of racial slurs that may manifest in different languages to be worked out with the Monitor), or retaliation;

c.    Defendant AppleOne's obligations, as a staffing agency and to its direct employees, and the role of managers, recruiters, and human resources in complying AppleOne's Policies and Procedures;

d.    Consequences for all employees, managers, recruiters, human resources employees and temporaries that fail to follow or enforce Defendant AppleOne's Policies and Procedures or that fail to document, where applicable, and report within one business/employment day of observations or complaints of potential race discrimination, harassment, or retaliation;

e.    Consequences for employees that engage in conduct that may be considered race discrimination, harassment, or retaliation;

f.    Defendant AppleOne's Internal Complaint Procedure, and how to respond to, investigate, and resolve complaints of race based discrimination, harassment or retaliation, including: (1) investigative techniques, and the duty to

impartially interview all relevant witnesses, including employees of the client when reasonably possible to do so; (2) their duty to report up the chain of command potential race discrimination, harassment, and retaliation; (3) the need to thoroughly document race based harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted; (4) types of preventative and corrective actions; (5) the duty to request that a client undertakes corrective action reasonably calculated to end race based harassing conduct perpetrated by its employees against Defendant AppleOne's employees and reasonably calculated to prevent future race based harassment against Defendant AppleOne's employees, and to protect Defendant AppleOne's employees from further racial harassment where the client fails to take appropriate corrective action and, if this cannot be accomplished at a client's workplace to allow the temporary employee to withdraw from the assignment, without repercussion, or remain on assignment, if requested by the temporary, and should the temporary withdraw, the temporary shall be entitled to seek an alternative assignment in accordance with AppleOne's placement of temporaries on new assignments following an end of a temporary assignment and AppleOne shall inform temporary employees of the aforementioned options; (6) post-investigation procedures recommended by HR for the monitoring the work environment; and (7) their duty to reasonably and for a reasonable period of time to monitor and audit any post-complaint or investigation personnel actions regarding complainants of racial harassment, discrimination or retaliation and witnesses to ensure absence of such retaliation by Defendant AppleOne and to endeavor to prevent race based retaliation by the client.

The foregoing obligations will be included in the review of the Monitor of Policies and Procedures and, where applicable, the modification of such Policies and Procedures where necessary to address the foregoing obligations of AppleOne.

5. *Verification of Training*

All persons required to attend such training shall be required to confirm their attendance in writing or electronically as applicable. Defendant AppleOne shall inform

the Monitor, annually, verifying the occurrence of all training sessions conducted as required under this Decree, produce the written training materials used, and a list of the individuals who conducted the training.

F.   Complaint Log

Within thirty (30) days of the Effective Date, Defendant AppleOne shall ensure the establishment of a Complaint Log, for centralized tracking of all formal and informal complaints regarding race discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. This system shall be searchable by name of individual(s) and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of race discrimination, harassment or retaliation, at least the following information, if available:

(a) full name of each complainant and potential aggrieved individual;

(b) full name and employer of any persons allegedly involved (including but not limited to those identified as potential perpetrators) in alleged incidents of racial discrimination or retaliation, or, where known, other identifying information received by AppleOne if name is unknown;

(c) a description of how Defendant AppleOne learned of the complaint , including whether the complaint was first directed to a client or Defendant AppleOne who then informed AppleOne of the complaint, whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Defendant AppleOne's Human Resources department;

(d)  the location or client worksite where the alleged misconduct occurred;

(e) date that Defendant AppleOne first communicated with client regarding the complaint;

(f) date each investigation began and was completed;

(g) description of racial discrimination or retaliation complained of, reported, or investigated;

(h) name, title, and employer of person(s) who conducted each investigation;

(i) description of action taken in response to the charge, complaint, report, or investigation;

(j) resolution, or decision made, regarding each complaint made and each investigation conducted, including where such resolutions and/or reports are made by the client; and

(k) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendant AppleOne shall maintain the database throughout the duration of this Decree and shall produce it to Monitor semi-annually from the Effective Date.

G.    Posting of Notice

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant AppleOne shall post laminated copies of the Notice attached as Exhibit A in clearly visible locations frequented by employees and applicants in Defendant AppleOne's offices in California. With thirty (30) days of the Effective Date, Defendant AppleOne shall send an electronic copy to its temporary and permanent employees  employed in California.  The Notice shall be printed in 12-point (or larger) font and posted in all language(s) commonly used by Defendant AppleOne's employees in the course and scope of their employment. If the Notice becomes defaced or illegible, Defendant AppleOne shall replace it with a clean copy right away.

H.    Mandatory Employee Requirement for EEO Compliance

Within thirty (30) days of the Effective Date, Defendant shall incorporate into performance evaluations accountability measures to hold supervisors, managers, account representatives, recruiters, and human resource personnel accountable for compliance with defendant's Policies and Procedures relating to race-based discrimination, harassment, and retaliation.

Defendant AppleOne shall also notify its managers, account representatives, recruiters, and human resource personnel, that compliance with Defendant AppleOne's racial discrimination, harassment and retaliation policy and procedures is mandatory,

including requirements for reporting complaints and following the internal complaint procedure and failure to adhere to this requirement will result in disciplinary action being taken which could affect terms of employment, positions of employment, compensation and other disciplinary action up to and including termination of employment. EEO compliance includes reporting to the EEO Representative and, where applicable, the client upon becoming aware of potential race-based discrimination, harassment, and/or retaliation and that respond appropriately to complaints of race-based discrimination, harassment, and/or retaliation.

In its semi-annual report, Defendant AppleOne shall report the employee number, date, and nature of action taken in response to an employee's failure, if any, to comply with this section.

I. <u>Relationship with Clients</u>

Within thirty (30) days of the Monitor's final review of Policies and Procedures of, Defendant AppleOne shall provide to its current clients located in California a notice and/or offering to its client:

(a) notifying the client what AppleOne expects the Client to do in the event that a complaint is received which will include the investigation of complaints of racial discrimination, harassment, or retaliation claimed to have taken place in the Client's workplace and invite the client to cooperate with AppleOne in the investigation, sharing of information and resolution of the Complaint;

(b) to notify the Human Resources Department, and AppleOne branch managers or the account executive for Defendant AppleOne and the respective client in writing within one (1) business day of receiving a formal or informal complaint of racial harassment, discrimination, or retaliation involving allegations by or against an employee of Defendant AppleOne of the complaint received by AppleOne;

(c) reasonably endeavor to coordinate investigations into all complaints of race discrimination, harassment, and/or retaliation involving any of its employees; and

(d) notifying the client that it is expected to take appropriate remedial action where race based discrimination, harassment or retaliation is found to have occurred.

Upon completion of sending the foregoing notice, the Monitor shall provide Notice to the EEOC that this notice has been sent in accordance with this decree. Thereafter, Defendant AppleOne shall, semi-annually, provide the Monitor with a report of the new clients, by client number, to whom the Notice of Policies and Procedures was provided during the applicable reporting period.

J.    Toll-Free Complaint Hotline

Within thirty (30) days of the Effective Date, Defendant AppleOne shall confirm it operates a Hotline for reporting complaints of racial discrimination, harassment or retaliation. ("Hotline"). The Monitor will work with Defendant AppleOne to confirm and otherwise ensure dissemination of information about the Hotline to all permanent and temporary employees. The Hotline shall be given to all new employees and made clear that the Hotline telephone number is accessible 24-hours per day and is available in a language commonly used by Defendant AppleOne's employees in the course and scope of their employment.

The Hotline shall be available to receive calls and complaints seven days per week, 24 hours per day. Defendant AppleOne shall ensure that all Hotline inquiries and response times are recorded, tracked and logged. The Hotline will be monitored during regular business hours and days and otherwise provide the caller the ability to leave a recorded message. When a complaint is received, Defendant AppleOne will contact the complainant within one (1) business day, and then follow the Internal Complaint Procedure in Section XI.D. Calls received by the Hotline shall be incorporated into the Complaint Log and reported to the Monitor as part of the Complaint Log.

Defendant AppleOne shall distribute information regarding the Hotline to all employees during the training and/or when the policies and procedures are distributed. The Hotline information shall be available for review by employees on the Defendant

AppleOne's intranet and access information shall be provided at the time that the Hot-Line information is provided to employees.

K.     Recordkeeping

The records to be maintained shall include:

1.     Documents to meet the requirements under this Decree;

2.     All documents related to any complaint of race-based discrimination, harassment, or retaliation, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant AppleOne's investigation or the client's investigation, if received from the client, and all communications related to the complaint, its investigation, or its resolution;

3.     All personnel and performance related documents, if any, related to any person that files a complaint or otherwise reports race discrimination or harassment;

4.     Documents related to racial Policies and Procedures and dissemination in accordance with this Decree;

5.     All documents verifying the occurrence of all training sessions and names and positions of all attendees, under Section XI.E;

6.     Copies of the Complaint Log, maintained as required under Section XI.F;

7.     All documents reflecting the corrective action taken in response to managers and recruiters that responded inappropriately to complaints of racial discriminatory, harassing, or retaliatory conduct under Section XI.H;

8.     Records relating to the placement of Eligible Claimants;

9.     Confirmation of Notice provided to each client per Section XI.I;

10.     All documents generated in connection with the counseling and disciplining of Defendant AppleOne's employees whom Defendant AppleOne determined to have engaged in behavior that may be racially discriminatory, harassing and/or retaliatory;

11.     All documents related to compliance with the terms of the Decree; and

12.     All documents generated in connection with Defendant AppleOne's Hotline per Section XI.J.

Defendant AppleOne shall make the aforementioned records which are non-privileged, available to the Monitor within thirty (30) business days following a written request. The Monitor shall confirm to the EEOC record retention in accordance with the provisions hereof.

L.     Reporting

1.     *Initial Reports*

a.     Defendant AppleOne shall submit to the EEOC an initial report within sixty (60) days after the Effective Date containing:

(1) the name, contact information, and qualifications of the proposed Monitor pursuant to Section XI.A;

(2)     the List of Potential Claimants, as described in Section VIII.B.; and

(3). Reporting on progress under Section IX.

2.     *Semi-Annual Report*

Within 180 days from the Effective Date, Defendant AppleOne and/or the Monitor shall provide reports containing:

a.     a statement confirming whether or not Defendant has purged employee records pursuant to Section IX.A;

b.   Reporting by the monitor of compliance of monitor's duties and obligations;

c.     if training materials are modified or updated during the reporting period such modified training materials and documents related to the training requirements herein shall be provided to the Monitor and the Monitor shall report on receipt, review and approval thereof;

d.      Policies and procedures as set forth above and a statement confirming that Defendant AppleOne has distributed the revised Policies and Procedures to all permanent and temporary employees and clients per Section XI.C

e.      Confirmation by AppleOne that a copy of the complaint log, investigations, and all complaints regarding discriminatory, harassing, and retaliatory conduct from the Hotline has been provided to the Monitor;

f.      A statement confirming that the required notices pertaining to this Decree and the Hotline have been posted and sent to employees, pursuant to Sections XI.G and XI.J;

g.      Confirmation of the EEO Compliance requirements pursuant to Section XI.H and;

h.      The status of Defendant AppleOne's compliance with the remaining terms of the Decree including the Claimant specific relief under Section IX and section XI.

Semi-annually thereafter, AppleOne will provide a report on the terms of the Decree requiring ongoing reporting and compliance to the Monitor particularly under Section XI such as complaint logs, investigations, any modified policies and procedures, and modified training materials.  The Monitor shall report to the EEOC of the receipt of the documents and report on AppleOne's compliance with these provisions of the Decree and any other provisions requiring ongoing compliance.  A final report will be submitted 90 days prior to the expiration of the Decree.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant AppleOne shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## MISCELLANEOUS PROVISIONS

A.      Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; and (2) by email to lado.legal@eeoc.gov and anna.park@eeoc.gov. Defendant shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

B.      During the term of this Decree, Defendant AppleOne shall provide any potential successor-in-interest of AppleOne with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant AppleOne's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

C.      During the term of this Decree, Defendant AppleOne shall ensure that each of its directors, officers, human resources personnel, managers, and supervisors are aware of any term(s) of this Decree which may be related to his/her job duties.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All Parties, through the undersigned, respectfully apply for and consent to this entry of this Decree.

## XV.

## COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully submitted,

U.S. EQUAL REMPLOYMENT
OPPORTUNITY COMMISSION

Date: May 15, 2021

By: Anna Y. Park
Attorney for Plaintiff, EEOC

K.P. Roberts & Associates, APLC

Date: May 15, 2021

By: Kevin Kanooni
Attorney for Defendant AppleOne

# EXHIBIT A

## <u>NOTICE TO EMPLOYEES</u>

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Cardinal Health 200, LLC d/b/a Cardinal Health; Howroyd-Wright Employment Agency, Inc. d/b/a AppleOne Employment Services ("AppleOne"), Case Number 5:19-cv-00941-CBM-SHK. The EEOC alleged that a class of Black employees were subjected to harassment, discrimination, and retaliation based on race while working at a client worksite in violation of Title VII which AppleOne denies as to claims against AppleOne. AppleOne is family owned company principally owned and whose CEL is a Black woman and AppleOne is firmly committed to the principals of non-discrimination and equal opportunity. AppleOne settled the case by entering into a Consent Decree with the EEOC where it agreed to implement various injunctive remedies to affirm its commitments to non-discrimination and equal opportunity and to ensure that its policies and procedures are consistent with that commitment including engaging an EEO Monitor, review and revising and improving, where appropriate, anti- discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

AppleOne is committed to complying with federal anti-discrimination laws in all respects and encourages reporting any such conduct. Race harassment or discrimination will not be tolerated. Any employee who files a complaint or formal charge of discrimination, gives testimony or assistance, or participation in any manner in any investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment. Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

If you believe that you have been subjected to discrimination or harassment because of your race, you may follow AppleOne's procedures and/or you may seek assistance from:

      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
      255 East Temple Street, 4th Floor
      Los Angeles, CA 90012
      TELEPHONE NUMBER: (213) 669-4000

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This Notice shall remain posted for the term of the Consent Decree.

# ORDER

**Good Cause Appearing;**

        The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date:  JULY 8, 2021

_____

The Honorable CONSUELO B. MARSHALL
United States District Judge