Anna Y. Park, SBN 164242
Nakkisa Akhavan, SBN 286260
Andrea E. Ringer, SBN 307315
Lorena Garcia-Bautista, SBN 234091
Taylor Markey, SBN 319557
Ella Hushagen, SBN 297990
Natalie Nardeccia, SBN 246486
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301
E Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  5:19-cv-00941-CBM-SHKx |
| Plaintiff, | |
| vs. | **CONSENT DECREE RE: DEFENDANT CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; ORDER      [JS-6]** |
| CARDINAL HEALTH 200, LLC d/b/a CARDINAL HEALTH; HOWROYD-WRIGHT EMPLOYMENT AGENCY, INC. d/b/a APPLEONE EMPLOYMENT SERVICES; and DOES 1-10, inclusive, | |
| Defendants. | |

# I.

# <u>INTRODUCTION</u>

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Cardinal Health 200 LLC, d/b/a Cardinal Health ("Defendant Cardinal Health") (Plaintiff and Defendant Cardinal Health collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant Cardinal Health in *U.S. Equal Employment Opportunity Commission v. Defendant Howroyd-Wright Employment Agency, Inc., d/b/a AppleOne Employment Services and Cardinal Health 200 LLC, d/b/a Cardinal Health*; Case No. 5:19-cv-00941-CBM-SHK (the "Action"). On May 21, 2019, Plaintiff filed this Action in the United States District Court, Central District of California, for violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The Action alleged that Defendant Cardinal Health and Defendant AppleOne (collectively, "Defendants") subjected Charging Parties Lisa Henry and Sequia Sims ("Charging Parties") and a class of similarly situated Black workers to discrimination based on race, constructive discharge and/or retaliation. Defendant Cardinal Health denies the allegations of the Complaint.

# II.

# <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

The Parties agree that this Action should be fully and completely resolved by entry of this Decree. The Decree is made and entered into by and between the EEOC and Defendant Cardinal Health and shall be binding on and enforceable against Defendant Cardinal Health, as well as its parents, subsidiaries, officers, directors, agents, successors and assigns. The scope of this Decree is limited to Defendant Cardinal Health's distribution center located at 4551 E. Philadelphia Street, Ontario California 91761 ("Ontario Site"), except as otherwise noted in Section XI.C. The Parties have entered into this Decree for the following purposes:

A.     To provide appropriate monetary and injunctive relief;

B.      To ensure Defendant Cardinal Health's employment practices comply with Title VII;

C.      To ensure that Defendant Cardinal Health maintains a work environment free from race discrimination and retaliation;

D.      To ensure Defendant Cardinal Health's policies, procedures, and practices prevent and/or correct race discrimination and retaliation;

E.      To ensure effective training for Defendant Cardinal Health's regular and temporary employees, managers, supervisors, human resources personnel as well as its officers with respect to the pertinent laws regarding racial harassment, discrimination, and retaliation;

F.      To provide an appropriate and effective mechanism for handling complaints of racial harassment, discrimination, and retaliation;

G.      To ensure appropriate recordkeeping, reporting, and monitoring; and

H.      To avoid the expense and uncertainty of further litigation.

### III.

### RELEASE OF CLAIMS

A.      This Decree fully and completely resolves all issues, claims, and allegations raised by the EEOC against Defendant Cardinal Health in this Action, including EEOC Charge Nos. 480-2017-01094; 480-2017-01096; 480-2017-03043; 480-2017-03045; and 846-2019-05214 and all claims and allegations raised by Charging Parties and any of the Complainants and/or participants in the settlement in this Action.

B.      Nothing in this Decree shall be construed to limit or reduce Defendant Cardinal Health's obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendant Cardinal Health fails to perform the promises and representations contained herein.

D.      This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant Cardinal Health in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.

B.      The terms and provisions of this Decree are fair, reasonable and just.

C.      This Decree conforms with the Federal Rules of Civil Procedure and the Title VII and is not in derogation of the rights or privileges of any person.

D.      The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.  However, the duration of this Decree may sunset in two (2) years after the Effective Date if  the Monitor determines that the additional year is not necessary and that the Defendant has achieved measurable results to invoke the sunset provision. The Monitor will notify the EEOC whether the Decree can sunset in two (2) years.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of

4

this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.    If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.    By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.    EEOC Review Regarding Compliance

The EEOC may review Defendant Cardinal Health's compliance with any provision of this Decree. The EEOC may request from the Monitor a copy of any document received or created by the Monitor as a result of the Monitor's duties as described in this Decree. The EEOC may request from the Claims Administrator a copy of any document received or created by the Claims Administrator as a result of the Claims Administrator's duties as described in this Decree. The EEOC may request that Defendant Cardinal Health permit the EEOC to interview employees, including those selected by the EEOC, or inspect Defendant Cardinal Health's records related to compliance with this Decree. Defendant Cardinal Health will comply with any such request to review, interview, or inspect within thirty (30) days of the EEOC's request.

B.    Non-Compliance

1.    The Parties expressly agree that if the EEOC has reason to believe that Defendant Cardinal Health has failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. The EEOC may immediately initiate an enforcement action in this Court for non-compliance related to non-payment of monies under this Decree. For other disputes regarding Defendant

Cardinal Health's compliance, the EEOC will notify Defendant Cardinal Health and their legal counsel of record, in writing, of the nature of the dispute prior to initiating an enforcement action. This notice shall specify the particular provision(s) that the EEOC believes Defendant Cardinal Health has violated or breached. Defendant Cardinal Health shall have thirty (30) days from receipt of the written notice to attempt to resolve or cure the breach. The Parties may agree to extend this period upon mutual consent.

2. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

3. After thirty (30) days have passed, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

## VIII.

## **MONETARY RELIEF**

A.  Establishing the Class Fund

1. In settlement of this lawsuit, Defendant Cardinal Health shall pay a total gross sum of $1,450,000.00 in monetary relief ("Class Fund"). Within thirty (30) days of the Effective Date of this Decree, Defendant Cardinal Health shall deposit the Class Fund into an escrow account (the "Cardinal Health Class Fund") and provide the EEOC with written verification of the funding within ten (10) days of the deposit.

2. The Class Fund shall be used to make payments to the Charging Parties and eligible Claimants identified by the EEOC. The EEOC shall determine who is eligible to be a Claimant based on the EEOC's assessment of their facts and damages under Title VII and has the sole discretion to determine who is eligible and any amounts designated to each claimant. Defendant Cardinal Health agrees that the EEOC's determination of these issues is final, and Defendant Cardinal Health will neither participate in, nor object to, those determinations.

B.  Claims Administrator

Within thirty (30) days of the Effective Date, Defendant Cardinal Health shall hire and appoint a specific qualified individual or organization ("Claims Administrator"), approved by the EEOC, to oversee the Claims Process. If the Claims Administrator initially appointed thereafter declines to serve or to carry out its duties under this Decree, Defendant Cardinal Health shall have ten (10) business days to notify the EEOC in writing of the need for a replacement Claims Administrator. Defendant Cardinal Health shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree. The Claims Administrator will cooperate with the EEOC on the claims process.

C.    Claims Process

1.    *Lists of Potential Claimants.* Within thirty (30) days of the Effective Date, Defendant Cardinal Health shall forward to the Claims Administrator and the EEOC a list of all persons that it employed at the Ontario Site between January 1, 2016 and the Effective Date and self-identified as Black or mixed race or that did not self-identify their race ("List of Potential Cardinal Claimants").  For each identified employee, the List shall include their full name, race identification (if known), last known mailing address(es), phone number(s), personal email address(es) (if known), dates of employment, and any forwarding employment information in Cardinal Health's possession, custody or control. For workers placed at the Ontario Site by Defendant AppleOne, Defendant AppleOne shall provide the Claims Administrator and the EEOC with the list of names, contact information, and dates of employment of workers it placed at the Ontario Site during that time frame ("List of Potential AppleOne Claimants") pursuant to a parallel Consent Decree entered into between the EEOC and Defendant AppleOne.  For workers placed at the Ontario Site by other staffing agencies, Defendant Cardinal Health shall satisfy its obligations under this subsection by requesting each staffing agency to provide the Claims Administrator and the EEOC a list of all persons that worked at the Ontario Site during that time frame ("Lists of Staffing Agency Potential Claimants"), to be provided within thirty (30) days of the Effective Date.

7

Defendant shall request that the staffing agencies include each person's full name, race identification (if known), last known mailing address(es), phone number(s), emails and dates of employment/placement.

2.    *Claims Notice.* Within forty-five (45) days of the Effective Date, the Claims Administrator shall send a Claims Notice, approved by the EEOC, via electronic and/or U.S. mail to the individuals included on the Lists of Potential Claimants, which encompass lists of potential claimants provided by Defendant Cardinal Health, Defendant AppleOne and other staffing agencies that placed workers at the Ontario Site between January 1, 2016 and the Effective Date. The Claims Notice shall explain that the EEOC shall determine eligibility and monetary relief amounts after receipt of a Claims Questionnaire. The Claims Notice shall provide phone and email contact information for the Claims Administrator and explain how Potential Claimants can access and submit the Claims Questionnaire. The questionnaire will not be sent to the claimants already identified by the EEOC.

3.    *Undeliverable Mailings.* For letters returned as undeliverable, within twenty (20) days of the Claims Notice being returned to sender as undeliverable, the Claims Administrator shall conduct database searches using Accurint or a similar system to find the Potential Claimant's most recent contact information, including phone number, email address and mailing address. If the Claims Administrator finds more recent contact information, the Claims Administrator shall resend the Claims Notice to the new address. If the Claims Administrator fails to find a more recent mailing address, the Claims Administrator shall notify the EEOC and describe its efforts to locate such employee(s).

4.    *Website and Claims Questionnaire.* Within forty-five (45) days of the Effective Date, the Claims Administrator shall establish a website that provides information regarding the Decree, the Claims Process, and how to complete the Claims Questionnaire. The website shall include an embedded Claims Questionnaire, approved by the EEOC. The Claims Questionnaire shall also be available for download by Potential Claimants, as well as in paper form upon request by the EEOC or the Potential

**CONSENT DECREE: CARDINAL HEALTH**

Claimant. The website shall include phone, mail and email contact information for the Claims Administrator and the EEOC. The website shall also explain how Potential Claimants can seek assistance in completing the Claims Questionnaire. The Claims Administrator shall provide the EEOC with electronic access to the Claims Questionnaires filed online. The Claims Administrator shall provide the EEOC with an electronic and paper copy of all questionnaires submitted within ten (10) days of receipt.

D.   Claims Distribution Procedure

1.   *Distribution List.* The EEOC shall provide Defendant Cardinal Health and the Claims Administrator one or more lists of the Claimants by name, their current addresses, the amount to be paid to each, the classification of such amounts to be paid, and any additional relevant identifying information ("Distribution List"). All funds remaining at the expiration of this Decree shall be distributed according to a Final Distribution List provided by the EEOC. Within ten (10) business days of the EEOC providing a Distribution List to Defendant Cardinal Health and the Claims Administrator, Defendant Cardinal Health or the Claims Administrator shall send via certified mail a check for the full amount specified by the EEOC to each eligible Claimant. Within three (3) business days of issuance of settlement checks, Defendant Cardinal Health or the Claims Administrator shall submit copies and any related correspondence to the EEOC.

3.   *Characterization of Payments.* The EEOC will make the determination of whether the allocation of monies to any claimant is wage and/or non-wage compensation. Defendant Cardinal Health or the Claims Administrator shall issue a Form 1099 to each Claimant in the amount of his/her non-wage monetary relief. No tax withholdings shall be made. If the EEOC designates monetary relief as wages, Defendant Cardinal Health or the Claims Administrator shall issue an IRS Form W-2 to each applicable Claimant. Claimants will provide tax withholding forms necessary to process such checks. Defendant Cardinal Health shall pay the employer's portion of all deductions required by law, including but not limited to the employer's portion of FICA and FUTA taxes, which shall not be deducted from payment of the monetary settlement amount(s) to Claimants.

Defendant Cardinal Health or the Claims Administrator shall make all appropriate reports to the Internal Revenue Service and other tax authorities. Within three (3) business days of issuance of the aforementioned tax forms, Defendant Cardinal Health or the Claims Administrator shall submit copies and any related correspondence to the EEOC.

　　　　4.　　*Non-Negotiated Checks.* On a quarterly basis throughout the duration of this Decree, Defendant Cardinal Health and/or Claims Administrator shall provide the EEOC with a copy of each cancelled check, and identify any check not negotiated and/or returned non-negotiated, to enable the Parties to track remaining settlement funds for redistribution. Defendant Cardinal Health or the Claims Administrator shall reissue checks if necessary.

　　　　5.　　*Remaining Funds.* On a quarterly basis throughout the duration of this Decree, Defendant Cardinal Health or the Claims Administrator will notify the EEOC of the remaining amount available out of the Gross Sum until the funds are fully distributed.

## IX.

## CLAIMANT SPECIFIC INJUNCTIVE RELIEF

A.　　<u>Employment Records</u>

　　　　Within ten (10) days of receipt of a Distribution List, Defendant shall:

　　　　1.　　remove from Defendant Cardinal Health's employment files any reference to their participation in this Action;

　　　　2.　　to the extent that Defendant Cardinal Health must keep records of this Action in order to effectuate this Decree, such records must be maintained separately from Defendant Cardinal Health's employment records;

　　　　3.　　refrain from providing negative references about any Claimant who worked for Defendant Cardinal Health at the Ontario Site, and direct all reference inquiries for such Claimants to a Cardinal Health Work Number which will provide a neutral employment reference, limited to verifying whether a Claimant was employed by Defendants, the last position in which the Claimant was employed, and the duration of employment with Defendants; and

4.     to the extent that a Claimant continues to work for Defendant Cardinal Health, ensure that the Claimant does not suffer discrimination, harassment, or retaliation of any kind.

The EEOC will provide a list of Claimants whose employment files should have adverse employment actions removed, with an explanation (including any available documentation) supporting the EEOC's belief that the adverse employment action was the result of unlawful discrimination or harassment.  The parties will meet and confer should Defendant Cardinal Health dispute the removal of the actions in question.  Otherwise, Defendant Cardinal Health will remove the adverse employment actions identified by the EEOC within twenty (20) days upon receipt of the list from the EEOC or ten (10) days after the resolution of the meet and confer period, whichever is later.

B.     Reinstatement

1.     Cardinal Health will not discriminate or retaliate against Claimants who apply for employment or re-employment with Cardinal Health in the future.  Any and all employment decisions with respect to such Claimants will be based on legitimate, non-discriminatory and non-retaliatory business factors including availability of open positions, skills and qualifications.

2.     Defendant Cardinal Health shall not disclose to its Talent Acquisition team or local management at the Ontario facility who has been identified as a Claimant pursuant to this Consent Decree.

3.     Defendant Cardinal Health agrees that participation in this settlement does not bar any Claimant from placement or hire by Defendant Cardinal Health.

4.     If a Claimant is employed or re-employed by Cardinal Health, such employment or re-employment shall not be in lieu of any monetary damages to which the EEOC determines the Eligible Claimant is entitled.

## X.

## GENERAL INJUNCTIVE RELIEF

A.     Anti-Discrimination

Defendant Cardinal Health, its officers, agents, management (including all supervisory), human resources personnel, successors, assigns, and all those subcontracted to or in active concert or participation with them, or any of them, are hereby enjoined from: (a) engaging in harassment of any person(s) on the basis of his/her race; (b) engaging in or being a party to any action, policy, or practice that discriminates and/or creates a hostile work environment on the basis of any employee's race; and/or (c) creating, facilitating, or permitting the existence of a work environment that is hostile to employees on the basis of race.

B.    Anti-Retaliation

Defendant Cardinal Health, its officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice that subjects any current or former employee (including temporary employees) or applicant of Defendant Cardinal Health to retaliation, because he or she has in the past, or during the term of this Decree:

1.    Opposed any practice made unlawful under Title VII;

2.    Filed a charge of discrimination alleging such practice;

3.    Testified or participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII;

4.    Was identified as a Potential Claimant in this Action;

5.    Asserted any right under this Decree; or

6.    Sought and/or received any relief in accordance with this Decree.

## XI.

## SPECIFIC INJUNCTIVE RELIEF

A.    Equal Employment Opportunity Monitor

Within thirty (30) days after the Effective Date, Defendant Cardinal Health shall retain a mutually-agreeable third-party Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the areas of preventing and combatting

racial discrimination and harassment, preferably one that is bilingual in Spanish and English. The Monitor shall have access to documents and employees upon request, and shall objectively monitor Defendant Cardinal Health's compliance with Title VII, and the provisions of this Decree. Defendant Cardinal Health shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties. The EEOC may require that the Monitor be replaced if the Monitor fails to carry out its duties under this Decree objectively and in good faith.

The Monitor's responsibilities shall include:

1.      Conducting Climate Surveys to determine whether race-based harassment, discrimination, and retaliation exists in Defendant Cardinal Health's workplace;

2.      Evaluating all information received by Defendant Cardinal Health regarding alleged racial discrimination, racial harassment, or retaliation  for making such allegations , reviewing documents relating to such complaints , and any documents related to the investigation or resolution of such complaints to ensure that managers are reporting all incidents of alleged race harassment and Defendant is responding to such complaints by conducting a prompt, thorough, impartial investigation;

3.      Assisting Defendant Cardinal Health to ensure that Defendant Cardinal Health's policies and procedures relating to race discrimination, harassment, and retaliation fully comply with Title VII and all terms set forth in the Decree, as described in Section XI.C;

4.      Consulting with Defendant Cardinal Health with respect to any necessary revisions of its training curriculum and its implementation under Section XI.E, and ensuring that Defendant Cardinal Health's trainings are effective, including reviewing evaluation forms, attending the Management Training, and providing guidance or feedback if additional training is needed to ensure prompt, effective and impartial complaint investigations;

5.      Consulting with Cardinal Health with respect to any necessary changes to its Complaint Log under Section XI.F,

6.      Ensure that Defendant properly identifies complaints of discrimination, harassment and retaliation, and properly investigates and addresses the conduct properly. The Monitor is to work with defendant to ensure complaints of harassment/discrimination /retaliation involving workers placed by staffing agencies are properly handled. The Monitor will provide feedback to Defendant Cardinal Health regarding its implementation of the Internal Complaint Procedure under Section XI.D and the Hotline under Section XI.J, specifically with regard to reporting, documenting and investigation of complaints of race discrimination, race harassment and retaliation to ensure compliance with Title VII and this Decree;

7.      Ensuring that Claimants and/or witnesses who participated in this lawsuit and who continue to be employed by Defendant, or are hired to work at the facility are not subjected to retaliation;

8.      Preparing semi-annual reports and an exit report to the EEOC on Defendant Cardinal Health's progress and overall compliance under this Decree, including the Monitor's determination of whether the Decree should sunset two (2) years after the Effective Date;

9.      Consulting with Cardinal Health regarding performance evaluations regarding EEO compliance, including the use of recognition or rewards pursuant to Section XI.H;

10.      Ensuring that Defendant Cardinal Health's reports required by this Decree are accurately compiled and timely submitted; and

11.      Monitoring and ensuring the retention and maintenance of any documents or records required by this Decree under Section XI.K.

B.      Climate Surveys

1.      The Monitor shall send a set of Climate Surveys to all current employees at the Ontario Site within nine (9) months after the Effective Date.  The Monitor shall send a second set of Climate Surveys within between nine (9) and eighteen (18) months after the Effective Date.  The Climate Surveys shall be approved by the EEOC and sent to all

current workers at the Ontario Site to their mailing address, with a prepaid return envelope or via electronic mail to their personal email address (if maintained by Cardinal Health). The Climate Surveys will allow employees to respond anonymously regarding whether they believe that unlawful harassment, discrimination and/or retaliation exists in the workplace and is tolerated by Defendant Cardinal Health. Defendant shall also provide that same Climate Survey to former regular Cardinal Health employees whose employment with Cardinal Health ended within sixty-days before the Climate Survey is sent. The Climate Survey responses shall be provided to the Monitor and Defendant Cardinal Health. Defendant Cardinal Health will take prompt and effective remedial action, with input by the Monitor, in the event the Climate Survey responses signal that race discrimination, harassment or retaliation is occurring.

2.      The results of all survey reviews shall be summarized to the EEOC in the semi-annual report set forth below. The Monitor's semi-annual report shall include assessments and recommendations for remedying all identified issues with race discrimination, harassment, or retaliation.

C.    Policies and Procedures

*1.    Scope.* The review of policies and procedures described in Section XI.C.2 will apply to Defendant Cardinal Health's operations in California. The reporting and distribution requirements described in Section XI.C.3 shall be limited to Defendant's Ontario and Dixon, California distribution facilities.

*2.    Revision of Policies and Procedures*

Within sixty (60) days of the Effective Date, Defendant Cardinal Health, with the assistance of the Monitor, shall review and to the extent needed create and/or revise its existing policies and procedures that explain, define, and prohibit harassment on the basis of race. Defendant Cardinal Health's policies and procedures shall also address compliance with Title VII, including prevention of racial discrimination and harassment, methods for quickly and effectively responding to racial discrimination and harassment, and a strict policy for those found to have engaged in racial discrimination, racial

harassment, or retaliation. Within sixty (60) days of the Effective Date, Defendant Cardinal Health shall provide the EEOC with a copy of its revised Policies and Procedures.

The revised Policies and Procedures shall be written in a clear, easy to understand style and format, in all language(s) commonly spoken by Defendant Cardinal Health's employees, and be written at a middle-school reading level, and printed in legible font size of no less than 12-pt font.

At all times, the revised Policies and Procedures shall, at a minimum, include:

(a) a strong and clear commitment to a workplace free of race discrimination, harassment and retaliation;

(b) a clear and comprehensive description of race discrimination, race harassment, and retaliation, including a discussion of the meaning of the phrase "hostile work environment" and "retaliation" under Title VII and examples of prohibited conduct and conduct which, if left unchecked, may rise to the level of unlawful harassment or discrimination;

(c) assurance that Defendant shall hold all employees, including employees, managers, recruiters, human resources employees, and employees of Defendant Cardinal Health and staffing agencies, accountable for engaging in conduct prohibited under Title VII or this Decree, including but not limited to race discrimination, harassment, retaliation, and for failing to take prompt appropriate action upon receiving information regarding race discrimination, harassment, or retaliation in the workplace, and a description of the consequences for those that fail to adhere to reporting steps;

(d) assurance that persons who complain about discrimination or harassment they experienced or witnessed and persons who provide information relating to such complaints will not be subject to retaliation;

(e) a statement that the revised Policies and Procedures apply to all persons, including managers, supervisors, recruiters, employees and managers of the staffing agencies, third parties, customers, and Human Resources employees; and

(f) an Internal Complaint Procedure, as described in Section XI.D.

Defendant Cardinal Health shall submit to EEOC any revisions to Policies and Procedures to prevent and correct racial discrimination, racial harassment, and retaliation sixty (60) days prior to the proposed change.

### 3. *Distribution of Revised Policies and Procedures*

If the EEOC does not provide comment within thirty (30) days of receipt, Defendant Cardinal Health shall distribute its revised Policies and Procedures to all temporary and regular  employees, regardless of their direct employer, within ninety (90) days of the Effective Date by (a) posting copies in clearly visible areas within Defendant Cardinal Health's worksites; and (b) providing copies to each current employee by mailing a paper copy to their personal mailing address, sending an electronic copy to their personal email address (if maintained by Cardinal Health), or hand-delivering a paper copy. Defendant Cardinal Health shall distribute its revised Policies and Procedures to it temporary and regular employees in all language(s) commonly used by them. For temporary and regular employees hired after the Effective Date, Defendant shall disseminate this information within five (5) days of their hire date. Each temporary and regular employee shall sign a form acknowledging receipt of the revised Policies and Procedures.

D.   Internal Complaint Procedure

The Internal Complaint Procedure shall be written in all the language(s) commonly used by the temporary and regular employees and shall incorporate the following elements:

1.   A statement encouraging temporary and regular employees to ask questions, share concerns and provide information about potential discrimination, harassment or retaliation to Defendant Cardinal Health, such as by (1) informally sharing information with the Human Resources Department, or (2) participating candidly in investigations of potential discrimination, harassment or retaliation;

2.      A clearly described process for submitting complaints of racial harassment or discrimination that includes multiple avenues for temporary and regular employees to lodge complaints of harassment, discrimination, or retaliation verbally or in writing, including (a) a direct toll-free phone number and email address for Defendant Cardinal Health's Human Resources Department; (b) a toll-free complaint hotline that Defendant Cardinal Health will track (Section XI.J); and (c) notifying any Cardinal Health manager or Human Resources representative;

3.      A clearly described process for a prompt, thorough, and impartial investigation of all complaints of discrimination, harassment or retaliation by Defendant Cardinal Health, including (a) interviewing all relevant witnesses, including the complainant and employees of both Defendant Cardinal Health and the staffing agencies, (b) review of all relevant evidence; (c) creation of written investigative reports, that document all investigatory steps, any findings and conclusions, and any actions taken, and including all complaints, notes of interviews and other relevant evidence;

4.      Assurance that no complainant shall be required to confront his or her accuser and that the confidentiality of the complaint, complainant and investigation shall be kept confidential to the fullest extent possible;

5.      Tracking and collection of all complaints of race discrimination, race harassment, and retaliation for such complaints in the Complaint Log;

6.      Resolution of all complaints of race discrimination, race harassment, and retaliation for such complaints, by Defendant Cardinal Health, in a timely and effective manner;

7.      A clear explanation of Defendant Cardinal Health's duty to conduct a follow-up meeting with the temporary or regular employee to evaluate the continued effectiveness of any step taken to remedy any racial harassment or discrimination;

8.      A requirement that any employee in manager, supervisory, lead or Human Resources position, whether employed by Defendant Cardinal Health or a staffing agency, document and report any and all observations or complaints of potential racial

harassment, discrimination, or retaliation to Defendant Cardinal Health's Human Resources Department and the human resources department of the staffing agency within 24 hours, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

9.     An explanation that the internal complaint procedure does not replace the right of any employee to file a charge or complaint of discrimination, harassment or retaliation under any available municipal, state, or federal law, and that filing an internal complaint does not relieve the complainant of meeting any deadline for filing a charge of discrimination.  The procedures shall provide contact information for EEOC and state and local Fair Employment Practice (FEP) agencies; and

10.     Publication of the EEOC complaint line of (800)669-4000.

The Monitor shall review the Defendant's application of the internal complaint procedure by monitoring complaints made by temporary and regular employees regarding race harassment, discrimination or retaliation.

E.     <u>Training</u>

1.     *Scope of Training Requirements*

Defendant Cardinal Health shall revise its existing training regimen to comply with Section XI.E. for: (a) all employees hired by Defendant Cardinal Health or placed to work for Defendant Cardinal Health at the Ontario site, regardless of their direct employer; and (b) all employees that have direct oversight over regular or temporary employees at the Ontario site, regardless of their direct employer.

2.     *All Trainings*

a.     All trainings described below shall be mandatory for the duration of the Decree. All persons shall verify their attendance in writing. Defendant shall maintain copies of training sign-in sheets for the duration of the Decree. Any trainings conducted pursuant to this Section IX.E may be conducted   in conjunction with any related training required by state or federal law.

b.     All trainings provided pursuant to this Decree shall be live, in-person

or via video teleconference, and interactive unless otherwise indicated or agreed. Defendant shall work with the Monitor to revise and/ or develop the training curriculum. Examples shall be given of prohibited conduct, tailored to Defendant Cardinal Health's workplace.  Defendant Cardinal Health shall leave time for question and answer at the conclusion of the training. All trainings and training materials shall be provided in language(s) commonly understood by Defendant's employees.

   c. Defendant Cardinal Health shall begin each training with a short video from a senior executive emphasizing that harassment prevention, civility, and maintaining a respectful workplace are high priorities for Defendant Cardinal Health, and that the training is an important component of Defendant Cardinal Health's strategy for harassment prevention. The message shall include a commitment towards accountability to and safety of its workforce. A script of the message shall be provided in all language(s) commonly understood by Defendant Cardinal Health's employees.

   d. The trainings in Sections XI.E.3 and XI.E.4 shall occur within ninety (90) days of the Effective Date, and thereafter on an annual basis. If the COVID-19 pandemic prevents safe live training within these time frames, Cardinal Health may advise the EEOC that it intends to adjust the deadlines and/or delivery methods to protect the health of attendees.  The EEOC shall grant reasonable requests so long as the requested adjustments do not reduce the number of trainings or their effectiveness. When scheduling each live training, Defendant Cardinal Health shall also schedule an alternative training session within thirty (30) days of the initial training that is either (a) live and interactive; or (b) a video recording of the live training plus an interactive component. Within sixty (60) days of the hire date of any employee hired after the required training, Defendant Cardinal Health shall provide an alternative training session that is either (a) live and interactive; or (b) a video recording of the live training with an interactive component. All employees will be paid their normal rate of pay during the trainings.

   e. The Monitor shall review the training materials and provide feedback.

3.    *Compliance Training for Non-Managerial Employees*

All non-managerial employees shall be required to attend a Compliance Training lasting at least one (1) hour in duration. The training under this section shall cover:

(a) the role and purpose of Title VII, including what constitutes unlawful race discrimination, a hostile work environment based on race, and retaliation;

(b) employees' and employers' rights and responsibilities under Title VII and this Decree if they experience, observe, or become aware of conduct that they believe may be harassing, discriminatory, or retaliatory;

(c) preventing harassment, including racial harassment, stopping bullying, bystander intervention, and having respect for diversity in the workplace including a discussion of appropriate and inappropriate language as it relates to race; and

(d) Defendant Cardinal Health's revised Policies and Procedures as outlined in Section XI.C and XI.D, especially the Internal Complaint Procedure.

The training shall emphasize Defendant Cardinal Health's commitment to ensuring a workplace free of discrimination, harassment or discrimination and encourage employees that experience or witness discriminatory, harassing and/or retaliatory conduct to report it. The training shall also outline reporting procedures on responsibilities and interplay with staffing agencies, and handling of third party complaints.

4.    *Compliance Training – Management and Human Resources*

All managers, supervisors, human resources employees, and employees responsible for documenting, responding to, or investigating complaints of discrimination or harassment at Ontario shall attend a separate Compliance Training, as outlined in Section XI.E.3, and a Management Training  covering how to identify problems related to race, discrimination, harassment, and retaliation, who to conduct investigations (if required in their jobs) and the managers and supervisors responsibilities under Title VII. The training should be interactive that includes role playing and emphasizes accountability of management and documenting and reporting complaints of discrimination. The Monitor shall attend the Management and Human Resources

Trainings, which shall address the following:

        a.     The historical support for Title VII prohibitions against race discrimination, harassment, hostile work environment, and retaliation;

        b.     Examples of comments and conduct that alone or together may rise to the level of unlawful race discrimination (including discharge and terms and conditions of employment), harassment (including examples of racial slurs in different languages and derogatory race-based comments), or retaliation;

        c.     How to properly handle complaints of harassment, discrimination, and retaliation by staffing agency employees, direct employees, third parties, etc.; and

        d.     Proper investigative techniques including the proper scope of an investigation.

    5.    *Verification of Training*

All persons required to attend such training shall verify their attendance in writing. Within one hundred twenty (120) days of the Effective Date and semi-annually thereafter (unless extended due to attendee health concerns, as described in Section XI E. 2. d. above), Defendant Cardinal Health shall produce to the EEOC and to the Monitor documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

F.    <u>Complaint Log</u>

Within thirty (30) days of the Effective Date, Defendant Cardinal Health shall review with the Monitor its complaint log for centralized tracking of all formal and informal complaints regarding race discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation.  This system shall be searchable by name of  complainant(s) and shall contain, for each complaint or investigation of race discrimination, harassment or retaliation, at least the following information:

(a) full name of each complainant and potential aggrieved individual;

(b) full name of any persons allegedly involved (including but not limited to those identified as potential perpetrators) in alleged incidents of discrimination or retaliation;

(c) a description of how Defendant Cardinal Health learned of the complaint, including whether the complaint was first directed to a staffing agency or Defendant Cardinal Health, whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Defendant Cardinal Health's Human Resources department;

(d) date each complaint was made;

(e) whether the complaint was made to Defendant Cardinal Health or a staffing agency;

(f) date that Defendant Cardinal Health or the staffing agency provided notice of the complaint;

(g) date each investigation began and was completed;

(h) type of discrimination or retaliation complained of, reported, or investigated;

(i) type of adverse employment action involved (e.g., "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/assign," "termination," etc.);

(j) name and title of person(s) who conducted each investigation;

(k) description of action taken in response to the charge, complaint, report, or investigation;

(l) resolution, or decision made, regarding each complaint made and each investigation conducted; and

(m) status of each complaint or investigation reflected in the database (such as "open," "pending," "closed," etc.).

Defendant Cardinal Health shall maintain the database throughout the duration of this Decree and shall produce it to EEOC upon EEOC's request.

G.    Posting of Notice

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant Cardinal Health shall post a laminated copy of the Notice attached

as Exhibit A in a clearly visible location frequented by temporary and regular employees. The Notice shall be printed in legible font and posted in language(s) commonly understood by Defendant's employees. If the Notice becomes defaced or illegible, Defendant Cardinal Health shall replace it with a clean copy right away.

H.    Performance Evaluations for EEO Compliance

In consultation with the Monitor, Defendant Cardinal Health shall develop, implement, or revise its performance evaluation forms for managers, supervisors, leads, and human resource personnel, to include measures for performance on compliance with Defendant Cardinal Health's discrimination, harassment and retaliation policy and procedures. Defendant Cardinal Health shall also implement a recognition and /or reward, in consultation with the Monitor, for its supervisory, managerial and lead employees that report to Human Resources upon becoming aware of potential discrimination, harassment, and/or retaliation and that respond appropriately to complaints of discrimination, harassment, and/or retaliation, whereas those that become aware of discriminatory, harassing and/or retaliatory conduct and failure to report and/or take appropriate remedial and/or corrective action in response shall be subject to corrective action.

Defendant shall implement its revised performance evaluation forms within sixty (60) days of the Effective Date.  Defendant shall notify its supervisors, managers and lead employees in writing that their performance evaluation forms have been revised such that supervisors, managers, and/or lead employees may receive recognitions and/or rewards for taking action upon learning of discriminatory, harassing, and/or retaliatory conduct, whereas those that fail to act may be subject to discipline.  In its semi-annual report, Defendant shall report the name, date, and nature of action taken to recognize or discipline an employee for complying or failing comply with this section.

I.    Relationship with Staffing Agencies

With respect to any agreement entered into during the term of this Decree between Defendant Cardinal Health and any staffing agency that it does business with at the

Ontario site, Defendant Cardinal Health shall include in the agreement provisions requiring the staffing agency:

(a) to enforce policies and procedures that parallel those outlined in Section XI.C;

(b) that includes a clear delineation of duties with respect to the investigation of complaints of discrimination, harassment, or retaliation for Defendant Cardinal Health and for the respective staffing agency;

(c) to notify the Human Resources Department for Defendant Cardinal Health and the respective staffing agency in writing within 24 hours of receiving a formal or informal complaint of racial harassment, discrimination, or retaliation involving allegations by or against an employee of the staffing agency;

(d) to coordinate investigations into all complaints of discrimination, harassment, and/or retaliation involving any of its employees;

(e) to freely share with each other information and records that may be relevant to investigations of complaints of discrimination, harassment or retaliation; and

(f) to take appropriate remedial action.

Within sixty  (60) days of entering into any such agreement, Defendant Cardinal Health shall provide the EEOC with a copy of its Policy Agreement with each staffing agency. Thereafter, Defendant Cardinal Health shall provide the EEOC with signed Policy Agreements with each staffing agency on a semi-annual basis.

J.     Toll-Free Complaint Hotline

Within thirty (30) days of the Effective Date, Defendant Cardinal Health shall confirm that it operates a Hotline for reporting complaints of discrimination, harassment or retaliation ("Hotline"). Defendant Cardinal Health shall ensure dissemination of information about the Hotline to all regular and temporary employees on a semi-annual basis in language(s) commonly used by them. The Hotline shall be given to all new employees and made clear that the Hotline is accessible online and via telephone, 24-hours per day and is available in language(s) commonly used by Defendant's employees.

The Hotline shall operate seven days per week, 24 hours per day. Defendant Cardinal Health with the Monitor shall ensure that all Hotline inquiries and response times are tracked and logged by Defendant Cardinal Health. Once a complaint is received, Defendant Cardinal Health will make every reasonable effort to contact the complainant within two business days of HR receiving the complaint, if not sooner, and then follow the Internal Complaint Procedure in Section XI.D. The Monitor shall review and evaluate Defendant Cardinal Health's effectiveness and responsiveness to a Hotline complaint.

Defendant Cardinal Health shall distribute information regarding the Hotline to all temporary and regular employees, including management, supervisory, and Human Resources employees, within sixty (60) days by mailing a paper copy to their personal mailing address or sending an electronic copy to their personal email address. Defendant Cardinal Health shall provide the Hotline to employees hired after the Effective Date within five (5) days of their hiring date. Defendant Cardinal Health shall have each employee sign a form acknowledging receipt, which shall be written in languages commonly understood by its employees.

K.    Recordkeeping

The records to be maintained by Defendant Cardinal Health under this Decree shall include:

1.    All communications with the Monitor, Claims Administrator and the EEOC;

2.    All documents related to any complaint of race discrimination, race harassment, or retaliation, whether reported through the hotline or any other avenue, including documents relating to all investigations or resolutions of any complaints and the identities of all witnesses identified by the complainant and/or through Defendant Cardinal Health's investigation or a subcontractor's investigation, and all communications related to the complaint, its investigation, or its resolution;

**CONSENT DECREE: CARDINAL HEALTH**

3.      All personnel and performance related documents related to any person that files a complaint or otherwise reports race discrimination or harassment;

4.      Climate Survey questions and results;

5.      All policies and procedures (including the Internal Complaint Procedure described in Section XI.D) and other documents revised or generated in accordance with Section XI.C;

6.      All documents verifying the occurrence of all training sessions and names and positions of all attendees, under Section XI.E;

7.      Monthly copies of the Complaint Log, maintained as required under Section XI.F;

8.      All documents reflecting any recognitions or rewards given or corrective action taken in response to supervisory, managerial and/or lead employees that responded appropriately or inappropriately to discriminatory, harassing, or retaliatory conduct under Section XI.H;

9.      Signed Policy Agreements for each staffing agency under Section XI.I;

10.     All documents generated in connection with the monitoring, counseling and disciplining of employees whom Defendant Cardinal Health determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory; and

11.     All documents related to compliance with the terms of the Decree.

Defendant Cardinal Health shall make the aforementioned records available to the EEOC within thirty (30) business days following a written request by the EEOC.

12.     During the term of the Decree, Defendant Cardinal Health shall suspend any auto-deletion policy concerning the email accounts of any supervisors and/or managers at the Ontario site who supervise warehouse workers, as well any auto-destruction policies concerning personnel records created by such individuals.

L.    Reporting

    1.    Initial Reports

27

CONSENT DECREE: CARDINAL HEALTH

Defendant Cardinal Health shall submit to the EEOC within thirty (30) days after the Effective Date:

    a.    the name and contact information of the approved Monitor retained pursuant to Section XI.A;

    b.    the name and contact information of the specific professional individual or organization that Defendant Cardinal Health proposes serve as the Claims Administrator and the proposed contract, for the EEOC's review and comment pursuant to Section VII.B; and

    c.    List(s) of Potential Cardinal Health Claimants as described in Section VIII.C.1.

Defendant Cardinal Health, through its EEO Monitor, shall submit to the EEOC an initial report within sixty (60) days after the Effective Date containing:

    a.    a copy of the proposed Climate Survey to be distributed pursuant to Section XI.B;

    b.    the revised Policies and Procedures under Section XI.C, including the Internal Complaint Procedure described in Section XI.D;

    c.    the Agreement under Section XI.I, if Defendant uses a staffing agency to staff the Ontario site;

    d.    the name, contact information, and qualifications for the trainer(s) selected, a description of the trainings to be provided, and an outline of the curriculum, for the EEOC's review and comment pursuant to Section XI.E;

    e.    a copy of the proposed Complaint Log, pursuant to Section XI.F, with a summary of the procedures and recordkeeping methods developed with the Monitor for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

    f.    a copy of the proposed revisions to Defendant Cardinal Health's performance evaluation forms, as described in Section XI.H;

**CONSENT DECREE: CARDINAL HEALTH**

g.     A statement confirming suspension of the auto-deletion policy at the Ontario site, pursuant to Section XI.K.12;

h.     A list of staffing agencies that placed workers at the Ontario Site between January 1, 2016 and the present, with contact information for each agency, pursuant to Section VII.B.1; and

i.     a copy of the flyer regarding the Hotline, pursuant to Section XI.J.

Defendant Cardinal Health shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

### 2.    *Reports Regarding Monetary Relief*

Defendant Cardinal Health shall submit to the EEOC the reports detailed in Section VIII, including but not limited to, written verification of the funding of the Class Fund, the website, reporting on a quarterly basis all checks issued, all checks cashed, and the funds remaining in the class fund, including any uncashed checks.

### 3.    *Semi-Annual Report*

Within 180 days from the Effective Date, and semi-annually thereafter, Defendant Cardinal Health, through its Monitor, shall provide reports including:

a.     A statement confirming that Defendant Cardinal Health has distributed the revised Policies and Procedures to all employees under Section XI.C;

b.     Copies of all signed Policy Agreements under Section XI.I;

c.     Documents verifying the occurrence of all training sessions, including the written materials used, a description of the training, a list of the trainers, and a list of the attendees, pursuant to Section XI.E;

d.     A copy of all race-based complaints on the complaint log and all complaints regarding alleged race-based discriminatory, harassing, or retaliatory conduct, and communication between Defendant Cardinal Health and any applicable staffing agency regarding each complaint;

e.     A photograph of all graffiti found after the Effective Date at the Ontario site containing racially offensive words or symbols;

f.      A statement confirming that the required notices pertaining to this Decree, the revised Policies and Procedures, and the Hotline have been posted and distributed pursuant to Sections XI.G, XI.C, and XI.J;

g.      The name, date, and nature of any action taken to recognize or discipline an employee pursuant to Section XI.H;

h.      The status of Defendant Cardinal Health's compliance with the terms of the Decree; and

i.      Whether any revisions of Defendant Cardinal Health's policies and procedures regarding racial discrimination, racial harassment, and retaliation took place since the preceding report, including a copy of the revised policies or procedures, pursuant to Section XI.C.

The Semi-Annual Report shall also include the Monitor's report to the EEOC and Defendant that describes all work performed pursuant to this Decree and provides the Monitor's feedback and recommendations going forward. The report shall include the Monitor's evaluation and recommendations following the Climate Surveys under Section XI.B, the trainings under Section XI.E; and review of Defendant's implementation of the Internal Complaint Procedure and Complaint Log under Sections XI.D and XI.F. Most importantly, the Monitor's report shall provide feedback regarding Defendant Cardinal Health's good faith efforts to comply with this Decree and Title VII, as well as Defendant's efforts to ensure employment decisions are made without regard to race, and respond appropriately to harassment, discrimination, retaliation complaints. The Monitor's report shall cover all the Monitor's responsibilities, as detailed in Section XI.A.

4.    *Report Regarding Compliance and Sunset Provision*

Twenty (20) months after the Effective Date, the Monitor shall report to the EEOC and Defendant regarding all the Monitor's responsibilities, as detailed in Section XI.A and provide its assessment of Defendant Cardinal Health's compliance with this Decree and Title VII, the results of Defendant Cardinal Health's efforts to prevent race based

harassment, and whether Defendant Cardinal Health has responded appropriately to harassment and retaliation complaints. The Monitor's report shall address whether the Decree will sunset two (2) years after the Effective Date, as set forth in Section II, including an explanation of the Monitor's reasoning for that decision. Defendant shall make available information sought by the Monitor to make the assessment.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendant Cardinal Health shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## MISCELLANEOUS PROVISIONS

A.      Unless otherwise stated, all notices, reports and correspondence required under the Decree shall be delivered (1) by U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012; and (2) by email to lado.legal@eeoc.gov and anna.park@eeoc.gov. Defendant shall maintain copies of all such notices, reports and correspondence for at least the Term of the Decree.

B.      During the term of this Decree, Defendant Cardinal Health shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant Cardinal Health's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

C.    During the term of this Decree, Defendant Cardinal Health shall assure that each of its directors, officers, human resources personnel, managers, and supervisors are aware of any term(s) of this Decree which may be related to his/her job duties.

D.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 8941301.

E.    The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All Parties, through the undersigned, respectfully apply for and consent to this entry of this Decree.

## XIV.

## COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Date:    May 14, 202            /s/ Anna Y. Park

By:    Anna Y. Park
       Attorney for Plaintiff, EEOC

Date:    May 14, 2021

       David K. Montgomery
       Attorney for Defendant Cardinal Health

# EXHIBIT A
## <u>NOTICE TO EMPLOYEES</u>

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the Central District of California against Cardinal Health 200, LLC d/b/a Cardinal Health ("Cardinal Health") and staffing agency AppleOne, Case Number 5:19-cv-00941-CBM-SHK.  The EEOC alleged that a class of Black employees were subjected to harassment, discrimination, and retaliation based on race while working at a Cardinal Health facility in violation of Title VII.  Cardinal Health denies the allegations made by the EEOC. Cardinal Health and the EEOC have agreed to resolve the lawsuit, and have entered into a Consent Decree in which Cardinal Health agreed to pay monetary relief and to implement various additional measures such as engaging an EEO Monitor, revising anti-discrimination policies and procedures, training, tracking complaints, and providing EEOC with periodic reports.

Cardinal Health is committed to complying with federal anti-discrimination laws in all respects and encourages reporting any such conduct.  Race harassment or discrimination will not be tolerated.  Any employee who files a complaint or charge of discrimination, gives testimony or assistance, or participates in any manner in an investigation will be protected from retaliation.

Federal law prohibits harassment or discrimination against any employee or applicant for employment because of a person's age, disability, race, sex, color, religion or national origin, with respect to hiring, compensation, promotions, discharge, terms and conditions or privileges of employment.  Federal law also prohibits retaliation for those who oppose or resist harassment or discrimination or participate in investigations regarding complaints of discrimination.

If you believe that you have been subjected to discrimination or harassment because of your race, you may follow Cardinal Health's procedures and/or you may seek assistance from:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
TELEPHONE NUMBER: (213) 669-4000

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**

This Notice shall remain posted for a term of two (2) years.

33

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.


Date:

JULY 8, 2021    _____

The Honorable CONSUELO B. MARSHALL
United States District Court Judge

**CONSENT DECREE: CARDINAL HEALTH**